S00Y1412. IN THE MATTER OF HARRY L. TRAUFFER.
(532 SE2d 96)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Harry L. Trauffer's Petition for Voluntary Discipline, filed pursuant to Bar Rules 4-210 (d) and 4-227 (c) in which Trauffer admits violating Standards 12 (lawyer shall not solicit professional employment as a private practitioner for himself, his partner or associate through direct personal contact with a non-lawyer who has not sought his advice regarding employment of a lawyer); 22 (lawyer shall not withdraw from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client); 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); and 26 (lawyer shall not share legal fees with a non-lawyer) of Bar Rule 4-102 (d). The State Bar filed two Formal Complaints against Trauffer in State Disciplinary Board ("SDB") Docket Nos. 3861 and 3960. These complaints were properly served on Trauffer and he filed timely answers. Following the appointment of a special master, but before an evidentiary hearing was held in these matters, Trauffer filed his Petition for Voluntary Discipline admitting the violations alleged in the complaints. In his petition Trauffer requests the imposition of a public reprimand as an appropriate sanction in SDB Docket No. 3960 and the imposition of a six-month suspension as an appropriate sanction in SDB Docket No. 3861. Although violations of Standards 12 and 26 may be punishable by disbarment, the State Bar and the special master recommend that this Court accept Trauffer's petition.

In regard to SDB Docket No. 3861, Trauffer admits that he violated Standard 12 when he directed members of his non-lawyer staff to solicit professional employment for him through direct personal contact by telephone with non-lawyers who had not sought his advice regarding employment of a lawyer. Trauffer also admits violating Standard 26 when he shared fees he collected from clients in non-litigation civil collection cases with members of his non-lawyer staff. In regard to SDB Docket No. 3960, Trauffer agrees that he violated Standard 22 when he withdrew from representing a client in a criminal matter without taking reasonable steps to avoid foreseeable prejudice to the client's rights and admits that he violated Standard 23

when he did not promptly refund the fee the client paid him which was not earned.

Although we recognize that Trauffer previously received a Review Panel Reprimand in another matter, see *In the Matter of Trauffer*, Order No. S00Y0280, decided March 3, 2000, based on our review of the record in this case, and our observations regarding Trauffer's cooperation with disciplinary authorities, his restitution of all fees paid by the client in SDB Docket No. 3960, and his stated remorse as factors in mitigation, this Court agrees with the State Bar and the special master that Trauffer's petition should be accepted. Accordingly, it is hereby ordered that for his violations of Standards 22 and 23 of Bar Rule 4-102 (d), Respondent Harry L. Trauffer be administered a public reprimand in open court pursuant to Bar Rule 4-102 (b) (3) by a judge of the superior court where Trauffer resides or where his disciplinary infractions occurred. Further, for his violations of Standards 12 and 26 of Bar Rule 4-102 (d), Trauffer is hereby suspended from the practice of law in this State for a period of six months from the date of this order. Trauffer is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension and public reprimand. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a public reprimand and a six-month suspension. Trauffer admits that he violated Standard 12 by directing non-lawyer members of his staff to telephone lay people in order to solicit professional employment for him and violated Standard 26 by sharing the fees he collected with these non-lawyer staff members. This is not the first time Trauffer has been disciplined by the Court. See Order No. S00Y0280 (decided March 3, 2000) (accepting petition for voluntary discipline for admitted violations of Standards 31 (d) (1), 65 (A), and 65.2 (a) of Bar Rule 4-102 (d)). Because the allegations against Trauffer reflect serious disciplinary infractions which support the sanction of disbarment, I would reject Trauffer's petition. Accordingly, I must respectfully dissent to the majority's imposition of a public reprimand and a six-month suspension in this case.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JUNE 12, 2000.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of

Georgia.
*Jay I. Shreenath*, for Trauffer.