## S01Y0667. IN THE MATTER OF HARRY L. TRAUFFER.
(545 SE2d 917)

PER CURIAM.

In this disciplinary matter, Respondent Harry L. Trauffer has filed a Petition for Voluntary Discipline requesting disbarment for his admitted violations of Standards 61 (failure to promptly notify a client of the receipt of client funds, securities or other properties and to promptly deliver such funds, securities or other properties to the client) and 63 (failure to maintain complete records of client funds and to promptly render appropriate accounts regarding the funds to the client) of Bar Rule 4-102 (d). Trauffer filed his petition pursuant to Bar Rule 4-227 (c) after the State Bar filed a Formal Complaint alleging that Trauffer violated Standards 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him); 61; 63; 65 (D) (records on lawyer trust accounts shall be kept so as to reflect at all times the exact balance held for each client or other fiduciary); 65.4 (lawyer shall not fail to produce any of the records required to be maintained by these Standards at the request of the Investigative Panel); and 68 (during the investigation of a complaint the lawyer shall not fail to

respond to disciplinary authorities) of Bar Rule 4-102 (d), and Bar Rule 4-103 (third or subsequent disciplinary infraction constitutes discretionary grounds for suspension or disbarment).[1] The State Bar and the special master recommend that the Court accept Trauffer's petition.

Trauffer admits that in October 1997, a client hired him to handle collections of overdue accounts owed by patients in the client's medical practice. In doing so, Trauffer admits that he did not promptly notify the client of the receipt of funds on his behalf, did not promptly deliver the collected funds to the client, and did not promptly render appropriate accounts to the client regarding the collected funds. Trauffer admits that in his handling of the collection of his client's accounts, he violated Standards 61 and 63. We agree that Trauffer should be disbarred, noting in aggravation his substantial experience in the practice of law (having been admitted to practice since 1979) and his prior disciplinary offenses. Accordingly, the name of Harry L. Trauffer hereby is removed from the rolls of persons authorized to practice law in the State of Georgia. Trauffer is reminded of his duties under Bar Rule 4-219 (c).

*Petition for Voluntary Discipline accepted and Respondent disbarred. All the Justices concur.*

DECIDED APRIL 30, 2001.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[1] Trauffer's disciplinary record consists of three infractions, including a Review Panel reprimand on March 3, 2000 (Case No. S00Y0280) and a public reprimand and a six-month suspension on June 12, 2000 (*In the Matter of Trauffer*, 272 Ga. 499 (532 SE2d 96) (2000)).