S02Y0896. IN THE MATTER OF PAUL HENRY WYATT.
(570 SE2d 330)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the special master's Report and Recommendation ("R&R") in which he recommends accepting Respondent Paul Henry Wyatt's petition for vol-

---

untary discipline which was filed pursuant to Bar Rule 4-227 (b).

Respondent, who has been a member of the Bar since 1979, admits that he entered a plea of guilty in the United States District Court for the Northern District of Georgia to a criminal information which charged him with two counts of Misrepresentation and Concealment of Facts in violation of 18 USC § 1325 (a) and 18 USC § 2, Class B misdemeanors and that the entry of judgment on this plea constitutes a violation of Rule 8.4 (a) (3) (violation of rules for lawyer to be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law) of Bar Rule 4-102 (d). Although the maximum penalty for a violation of Rule 8.4 (a) (3) is disbarment, Respondent requests a one-year suspension as discipline. The State Bar of Georgia responded to Respondent's petition indicating that it has no objection to acceptance of the petition.

Based on the petition, we agree that Respondent's actions violate Rule 8.4 (a) (3). Although such a violation may be punished by disbarment and this Respondent has been the subject of discipline on one previous occasion, we find in mitigation that Respondent has been cooperative in these disciplinary proceedings and that he is truly remorseful for his conduct. Based on these factors, we feel that the discipline proposed in Respondent's petition is appropriate and therefore we accept his petition. Accordingly, for his admitted violation of Rule 8.4 (a) (3) of Bar Rule 4-102 (d) it hereby is ordered that Paul Henry Wyatt be suspended from the practice of law for a period of one year, commencing ten days from the date of this opinion. Wyatt is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur, except Hunstein, Thompson and Hines, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

Respondent admits he pled guilty in federal district court to a two count criminal information charging him with knowingly aiding and abetting an alien in an attempt to enter and obtain entry into the United States by use of false and misleading representation in violation of 18 USC § 1325 (a) and 18 USC § 2 and that such crimes involved moral turpitude where the underlying conduct relates to his fitness to practice law. Other than this admission, there is nothing in the record from which this Court can ascertain the facts upon which the criminal information and plea were based, whether the aliens seeking entry were clients of respondent, or whether respondent's criminal actions occurred while respondent was acting in his capacity as an officer of the court. Although the special master filed a report recommending we accept the petition for voluntary discipline, the report is based solely on the limited admissions contained in respon-

dent's petition for voluntary discipline. No hearing was held before the special master and there is no other evidence of record which might elucidate the underlying facts for this Court. What is shown in the record, however, is that the federal district court considered the charges serious enough, and presumably closely enough related to respondent's status as an attorney, to prohibit respondent from practicing law for a two year period as a special condition of his probation.

Because there is nothing in the record before this Court to support the majority's determination that the requested one year suspension is appropriate, especially in light of the fact that respondent has been the subject of previous discipline by this Court, I respectfully dissent to the majority's decision to accept the petition for voluntary discipline.

I am authorized to state that Justices Thompson and Hines join me in this dissent.

DECIDED SEPTEMBER 30, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.