### In the Matter of Kevin Eugene PERRY.

### No. 98S00–0203–DI–182.

Supreme Court of Indiana.

Sept. 30, 2002.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on March 15, 2002, advising that the respondent, Kevin Eugene Perry, was disciplined by the Supreme Court of Texas and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal

discipline be imposed in this state. On March 28, 2002, this Court issued an *Order to Show Cause*, to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to the bar of this state in 1982. He was also admitted to the bar of the state of Texas. On September 13, 2001, the Supreme Court of Texas disbarred the respondent after the respondent failed to respond to allegations that he had neglected several client matters and that he misled his clients as to the status of those matters. *Commission for Lawyer Discipline vs. Kevin Eugene Perry*, Nos. F0070010442, F0040010214, and F0030010097.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why identical reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Kevin Eugene Perry, is hereby suspended from the practice of law in this state. The respondent shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4) upon rein-

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

statement to the practice of law in Texas or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Texas, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.