S06Y0543. IN THE MATTER OF E. GILMORE MAXWELL.
(627 SE2d 16)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending that the Court accept E. Gilmore Maxwell's petition for voluntary discipline and impose a six-month suspension with automatic reinstatement.

Following the issuance of a formal complaint and prior to the special master hearing, Maxwell submitted a petition for voluntary discipline in which he admitted his conduct violated Rules 4.2 and 8.4 of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). The hearing before the special master proceeded on the issue of the length of suspension, with the parties agreeing it should be between three and six months.

The special master found that Maxwell was hired to represent the defendant employer in a complaint alleging sexual harassment in the workplace. Maxwell learned that the complainant and two of his client's other employees had retained legal counsel, but nevertheless held a meeting with his client's employees, including those represented by counsel, without gaining the consent of their counsel. At the meeting, which Maxwell recorded, Maxwell spoke to the employees about employment discrimination generally. Opposing counsel subsequently requested a copy of the transcript of the meeting. Maxwell

provided counsel with an edited version without disclosing that it was edited. Opposing counsel filed a motion for sanctions in the federal district court in which the claims were pending, and the federal court entered a sanctions order and directed that Maxwell pay opposing counsel's fees and expenses incurred in prosecuting the sanctions motion.

The following factors found by the special master are appropriately considered in mitigation: that the plaintiffs in the case were not harmed by Maxwell's actions, Maxwell has apologized in writing to opposing counsel, and Maxwell sincerely and deeply regrets his conduct for the proper reasons, and not just because of the adverse consequences he has suffered. In aggravation, the special master properly considered that Maxwell had previously received a formal letter of admonition for deceiving a magistrate judge about the reason for a request for continuance. Balancing the mitigating and aggravating factors, the special master recommends that the Court impose a six-month suspension with automatic reinstatement.

After a review of the record and considering similar cases we agree that the appropriate discipline is a six-month suspension. See *In the Matter of Vaughn*, 275 Ga. 295 (565 SE2d 463) (2002); *In the Matter of Trauffer*, 272 Ga. 499 (532 SE2d 96) (2000); *In the Matter of Wyatt*, 275 Ga. 545 (570 SE2d 330) (2002). Therefore, we hereby direct that E. Gilmore Maxwell be suspended from the practice of law for a period of six months, with automatic reinstatement at the conclusion of that period. Maxwell is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Beltran & Associates, Frank J. Beltran, Douglas V. Chandler*, for Maxwell.