

**FILED**

Dec 31 2015, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Shawn Jaco
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn Jaco,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

December 31, 2015

Court of Appeals Case No.
82A01-1506-CR-817

Appeal from the Vanderburgh
Circuit Court

The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-1011-FB-1353

**Brown, Judge.**

[1] Shawn Jaco, *pro se*, appeals from the denial of his motion for modification of sentence. Jaco raises one issue, which we revise and restate as whether the trial court erred in denying his motion. We affirm.

## Facts and Procedural History

[2] In November 2011, a jury found Jaco guilty of aggravated battery as a class B felony and criminal confinement as a class C felony. On December 14, 2011, the trial court sentenced Jaco to fourteen years for his conviction for aggravated battery and five years for his conviction for criminal confinement, to be served concurrently with each other. We affirmed Jaco's convictions on appeal. *Jaco v. State*, No. 82A01-1203-CR-104 (Ind. Ct. App. December 31, 2012), *trans. denied*.

[3] On February 17, 2015, Jaco filed a motion for modification of sentence arguing that he has been fully rehabilitated. On May 28, 2015, the court held a hearing at which the State objected, and the court denied Jaco's motion.

## Discussion

[4] The issue is whether the trial court erred in denying Jaco's motion for modification of sentence. We review a trial court's denial of a petition to modify a sentence only for abuse of discretion. *Swallows v. State*, 31 N.E.3d 544, 545-546 (Ind. Ct. App. 2015) (citing *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010))), *trans. denied*. If the ruling rests on a question of law, however, we review the matter *de novo*. *Id.* (citing *State v. Holloway*, 980 N.E.2d 331, 334 (Ind. Ct. App.

2012)).  Matters of statutory interpretation present pure questions of law.  *Id.* (citing *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011) (citing *Gardiner*, 928 N.E.2d at 196), *reh'g denied*).

[5]     Ind. Code § 35-38-1-17 addresses the reduction or suspension of a sentence. Prior to July 1, 2014, the statute provided in part:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*. . . .

Ind. Code § 35-38-l-17(b) (2012) (emphasis added).

[6]     Effective July 1, 2014, the criminal code was subject to a comprehensive revision pursuant to Pub. L. No. 158-2013 and Pub. L. No. 168-2014.  The sentence modification statute as amended in 2014 provided in relevant part:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-l-17(c) (eff. Jul. 1, 2014).

[7]     The legislature also enacted a savings clause which provides:

> (a) A SECTION of P.L. 158-2013 or P.L. 168-2014 does not affect:
>
>> (1) penalties incurred;

(2) crimes committed; or

(3) proceedings begun;

before the effective date of that SECTION of P.L. 158-2013 or P.L. 168-2014. Those penalties, crimes, and proceedings continue and shall be imposed or enforced under prior law as if that SECTION of P.L. 158-2013 or P.L. 168-2014 had not been enacted.

(b) The general assembly does not intend the doctrine of amelioration (see Vicory v. State, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014.

Ind. Code § 1-1-5.5-21 (eff. July 1, 2014).

[8] Generally, "[s]tatutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well." *Johnson v. State*, 36 N.E.3d 1130, 1134 (Ind. Ct. App. 2015) (citing *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005)), *trans. denied*. An exception to this general rule exists for remedial or procedural statutes. *Id.* (citing *Martin v. State*, 774 N.E.2d 43, 44 (Ind. 2002)). Although statutes and rules that are procedural or remedial may be applied retroactively, they are not required to be. *Id.* (citing *Pelley*, 828 N.E.2d at 919-920). Even for procedural or remedial statutes, "retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons." *Id.* (citing *Hurst v. State*, 890 N.E.2d 88, 94-96 (Ind. Ct. App. 2008) (quotation omitted), *trans. denied*).

[9] Jaco asserts that the trial court abused its discretion in denying his motion and that, while more than 365 days had passed since he was sentenced, his motion

deserved more consideration. He argues the court should have allowed him an opportunity to express his commitment to change, that he has completed several rehabilitative programs, and that he has shown reformative behavior. Jaco further argues that the revision of Ind. Code § 35-38-1-17 gives a trial court authority to move a petitioner, over 365 days after sentencing, from the Department of Correction to community corrections without a prosecutor's approval, and that this change was procedural and ameliorative and therefore should be applied to him. The State maintains that Jaco is a violent criminal under Ind. Code § 35-38-1-17(d)(6) as he committed aggravated battery, that he did not file his motion for modification until more than 365 days after he was sentenced, and thus that the trial court could not modify his sentence under Ind. Code § 35-38-1-17(a).

[10] Jaco contends that the version of Ind. Code § 35-38-1-17 which became effective on July 1, 2014, is applicable to him and thus that he is not required to obtain prosecutorial approval with respect to his modification request. To the extent his contention is based on the filing date of his motion for modification of sentence, we observe that this court has held that the 2014 version of the statute does not apply under these circumstances. In *Hobbs v. State*, Hobbs was convicted in 2006 for offenses he committed in 2005, and the trial court sentenced him to an aggregate sentence of twenty-three years. 26 N.E.3d at 984-985. On July 23, 2014, Hobbs filed a petition for modification of his sentence pursuant to Ind. Code § 35-38-1-17(c) (2014), and we denied his

petition and held that the 2014 version of the statute did not apply to him. *Id.* at 985-986. We explained:

> [Ind. Code § 35-38-1-17(c)] became effective July 1, 2014, as part of the General Assembly's overhaul of our criminal code pursuant to P.L. 158-2013 and P.L. 168-2014. It was not in effect at the time Hobbs committed his offense against L.M.; rather, the law in effect at that time stated in relevant part: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney.*" I.C. § 35-38-1-17(b) (2005) (emphasis added); *see also Harris v. State*, 897 N.E.2d 927, 928-929 (Ind. 2008) ("The sentencing statute in effect at the time a crime is committed governs the sentence for that crime.").
>
> Despite Hobbs' assertions to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply to him. I.C. § 1-1-5.5-21 ("The general assembly does not intend the doctrine of amelioration . . . to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014"); *see also Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("It is abundantly clear . . . that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code."), *trans. denied*. Hobbs' arguments to the contrary are without merit.

*Id.* In subsequent cases, we also cited the savings clause and reached the conclusion that the 2014 amendment eliminating the requirement of approval of the prosecutor did not apply retroactively. *See Carr v. State*, 33 N.E.3d 358, 358-359 (Ind. Ct. App. 2015) (citing the savings clause and *Hobbs* and concluding the version of Ind. Code § 35-38-1-17 which became effective July 1,

2014, did not apply where Carr's crime was committed in 1999), *trans. denied*; *Swallows*, 31 N.E.3d at 545-547 (noting the plain meaning of the savings clause and the reasoning in *Hobbs* and concluding that the version of Ind. Code § 35-38-1-17 which became effective on July 1, 2014, did not apply to Swallows's petition to modify a sentence that he began serving in 1989).[1] Additionally, in *Johnson v. State*, we concluded that the 2014 amendment to Ind. Code § 35-38-1-17(b) was not remedial, that the 2014 amendment constituted a substantive and not a procedural change, that thus the 2014 version of the statute did not apply to the Johnsons, and accordingly we affirmed the denial of the Johnsons' petitions for sentence modifications in that case.[2] 36 N.E.3d at 1134-1138.

[11] Based on these cases and the language of the savings clause found at Ind. Code § 1-1-5.5-21 (2014), we conclude that the version of Ind. Code § 35-38-1-17 which became effective July 1, 2014, does not apply to Jaco's motion for modification of sentence.

[12] Additionally, we note that Ind. Code § 35-38-1-17 was amended again effective May 5, 2015. The 2015 version of the statute includes a provision that, notwithstanding the savings clause found at Ind. Code § 1-1-5.5-21, the

---

[1] *But see Moore v. State*, 30 N.E.3d 1241, 1245-1250 (Ind. Ct. App. 2015) (concluding in part that the 2014 amendment constituted a procedural change, that the savings clause did not prevent a person convicted prior to July 1, 2014 from bringing his petition under the statute as revised by the 2014 amendment, and that the trial court had the authority to entertain Moore's petition without the consent of the prosecutor), *trans. not sought*.

[2] Following this court's opinion, the Johnsons filed a petition to transfer. The Indiana Supreme Court held oral argument and issued an order denying the Johnsons' petition to transfer on the same day, leaving this court's opinion undisturbed.

provisions of Ind. Code § 35-38-1-17 are applicable to a person who committed an offense or was sentenced before July 1, 2014. Ind. Code § 35-38-l-17(a) (2015). However, the 2015 version also provides that, except as provided in subsections (k) and (m),[3] Ind. Code § 35-38-l-17 does not apply to a "violent criminal," and a violent criminal is defined to include a person convicted of aggravated battery. Ind. Code § 35-38-l-17(c), -17(d)(6) (2015). Ind. Code § 35-38-1-17(k) (eff. May 5, 2015) provides that, "[a]fter the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney." Thus, Jaco would not be and is not entitled to file a petition for modification of his sentence under the 2015 version of the modification statute without prosecutorial consent.

## Conclusion

[13]    For the foregoing reasons, we affirm the trial court's denial of Jaco's motion for modification of sentence.

[14]    Affirmed.

Kirsch, J., and Mathias, J., concur.

---

[3] Subsection (m) applies to a person who commits an offense after June 30, 2014, and before May 15, 2015, and is inapplicable here.