**Todrei SANDERS, Appellant–Petitioner Below,**

v.

**STATE of Indiana, Appellee–Respondent Below.**

No. 64A03–9309–CR–290.

Court of Appeals of Indiana,
Third District.

Aug. 10, 1994.

Elizabeth Gingerich, Hugo E. Martz, Valparaiso, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Todrei Sanders appeals the denial of his motion for sentence modification. He presents for review a single issue: whether the trial court abused its discretion in refusing to modify his sentence.[1]

---

1. Sanders also articulated issues concerning the validity of I.C. 35–38–1–17 under the United States Constitution and the Indiana Constitution. However, he raised neither of his constitutional challenges at the trial court level. A constitu-

tional question will not be considered on appeal unless it was presented in the trial court. *Meyer v. Anderson Banking Co.* (1961), 243 Ind. 145, 177 N.E.2d 662, 665, *reh. denied; City of India-*

We affirm.

On May 12, 1980, Sanders was convicted of the murder of Michael Spagoletti. Sanders was sentenced to thirty eight years imprisonment. His conviction and sentence were affirmed on direct appeal. *Sanders v. State* (1981), Ind., 428 N.E.2d 23.

On February 5, 1993, Sanders filed a Motion for Sentence Modification pursuant to IND.CODE 35–38–1–17(b) which provides in pertinent part:

> "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney."

At the conclusion of a hearing held on May 5, 1993, Sanders' motion for sentence modification was denied.

Generally, a trial judge has no authority over a defendant after he or she pronounces sentence. *Dier v. State* (1988), Ind., 524 N.E.2d 789, 790. A limited exception is found in I.C. 35–38–1–17. Pursuant to I.C. 35–38–1–17(a), a trial judge may order "shock probation" within 365 days after a sentence is imposed. After 365 days have elapsed, a trial judge may reduce or suspend the sentence *subject to the approval of the prosecuting attorney.* I.C. 35–38–1–17(b). Where the prosecuting attorney acquiesces in the motion for sentence modification under subsection (b), the decision to grant or deny the motion is within the trial court's discretion. *Marshall v. State* (1990), Ind.App., 563 N.E.2d 1341, 1343, *trans. denied.* Where the prosecuting attorney opposes the motion for sentence modification under subsection (b), the trial court lacks authority to modify the sentence. *Beanblossom v. State,* 637 N.E.2d 1345 (1994).

In the instant case, Sanders is unable to demonstrate that the prosecuting attorney evinced approval of the motion for sentence modification. Sanders merely argues that he presented overwhelming evidence of his rehabilitation. Under these circumstances, the discretion of the trial court to modify Sanders' sentence was not invoked. Therefore, the trial court's failure to modify the sentence cannot constitute an abuse of discretion.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.

napolis v. *Wynn* (1959), 239 Ind. 567, 159 N.E.2d 572, 573.

Moreover, constitutional challenges identical to those made by Sanders have recently been rejected by this court. In *Beanblossom v. State,* Ind.App., 637 N.E.2d 1345 (1994), this court concluded that I.C. 35–38–1–17 does not violate the separation of powers provision of the Indiana Constitution; nor does I.C. 35–38–1–17 deprive a petitioner who has been validly convicted of the right of due process under the United States or Indiana Constitutions. An individual who has been convicted and incarcerated has no right or justifiable expectation that his sentence will be reduced; therefore, he has no recognized liberty interest under the due process clause of the fourteenth amendment to the United States Constitution. *Galloway v. State* (1981), Ind.App., 422 N.E.2d 1290, 1293, *reh. denied.*