ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Timothy P. Broden
Lafayette, Indiana

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 79S02-1405-CR-334

STATE OF INDIANA                                                    *Appellant (Plaintiff),*

v.

TAMMY SUE HARPER                                                    *Appellee (Defendant).*

Appeal from the Tippecanoe Circuit Court, No. 79C01-1102-FB-5
The Honorable Donald L. Daniel, Judge

On Transfer from the Indiana Court of Appeals, No. 79A02-1303-CR-272

**May 14, 2014**

**Dickson, Chief Justice.**

The State of Indiana appeals an order of the Tippecanoe Circuit Court modifying the sentence of defendant Tammy Sue Harper, claiming that the trial court lacked authority to modify the defendant's sentence because more than 365 days had passed since the defendant was sentenced and the prosecutor did not approve of the modification. The Court of Appeals agreed and reversed the modification. State v. Harper, No. 79A02-1303-CR-272, 1 N.E.3d 219 (Ind. Ct. App. Dec. 30, 2013) (table). We now grant transfer and hold that the prosecutor's conduct, under the unique factors of this case, established the prerequisite assent.

This case arises out of a motion for sentence modification. The trial court sentenced the defendant on September 19, 2011. The defendant filed the motion for modification at issue on December 5, 2012, and the trial court held a hearing on that motion on January 25, 2013. At the hearing, the trial court, in apparent recognition of Indiana Code section 35-38-1-17(b) (2008), acknowledged that it lacked authority to modify the sentence but indicated its desire to do so unless the prosecutor's office objected to the modification and planned to appeal:

> In reviewing this it was my thought that I think Ms. Harper is at a point in her life where [she] is no longer a threat to society and it seemed to me appropriate that we take her off that tax payer rolls and get her back in the community. I was thinking Home with Hope or Seeds of Hope or something like that. *My concern is that I think I may have no legal basis to do that and so I kind of wanted to have a discussion about this.* I from time to time tell [the deputy prosecutor] that I am going to do something and then I don't think that I have the legal power to do it which puts the Prosecutor's Office in the position to either having to appeal my order which nobody wants to do well [the deputy prosecutor] may want to do it just for the fun of it but—but I don't want to keep putting [the deputy prosecutor] in a position that he feels—I put him a (inaudible) position where he is forced to do something. I would like to put Ms. Harper in Home with Hope to see if she makes it. *If you tell me that your office is going to appeal that then I will save everybody the time and the energy and save the tax payers the money and I won't do it.* And you probably want to think about that and talk about it with somebody else.

Tr. at 2–3. (emphases added). The deputy prosecutor who appeared at the hearing responded in the affirmative.

After an exchange with the chief probation officer regarding the defendant's chances of improvement at Home with Hope, the trial court resolved to give the defendant a chance and directed the prosecutor's office to let it know of any objection within the near future:

> I am inclined to give it a try. *Sometime in the next week or so* if you have an opportunity to get back with me I will modify her sentence and over your screaming objection. . . .[1] The Court directs that the Tippecanoe County Prosecutor's Office provide more input to the Court *with--in the near future* [whenever] that may be.

*Id.* at 5 (emphases added). The prosecutor's office did not provide the trial court with any further input on the matter. On March 1, 2013, the defendant filed a letter with the trial court noting that more than 30 days had elapsed since the entry of January 25 and inquiring as to the status of the

---

[1] The State asserts that the trial court addressed this entire statement to the deputy prosecutor. The defendant does not dispute this point.

trial court's directive.  On March 5, the trial court granted the defendant's motion for modification and ordered that the defendant be released from the Department of Correction on April 1 to serve the remainder of her sentence on probation.  This prompted the State to file its appeal on March 25.  The next day, the State requested that the trial court stay the modification pending resolution of the instant appeal, but the trial court denied the motion.

The State argues that the trial court lacked authority to modify the defendant's sentence as a matter of law.  "Where the issue presented on appeal is a pure question of law, we review the matter de novo."  State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997).  A trial judge generally has no authority over a defendant after sentencing; however, the legislature may give the court authority, under certain circumstances, to modify a defendant's sentence.  *See* State v. Fulkrod, 753 N.E.2d 630, 632 (Ind. 2001); State ex rel. Abel v. Vigo Circuit Court, 462 N.E.2d 61, 63 (Ind. 1984).  A notable exception is a statute sometimes referred to as the "shock probation statute," Dier v. State, 524 N.E.2d 789, 790 (Ind. 1988), which gives the trial judge authority to recall the defendant within 365 days and reduce or suspend his sentence.  I.C. § 35-38-1-17(a).  But the statute in effect at the time of the offense[2] provided that after 365 days have elapsed, any modification by the trial court is "subject to the approval of the prosecuting attorney."  I.C. § 35-38-1-17(b).

On appeal, the State claims that the trial court lacked authority to modify the defendant's sentence because more than 365 days had passed since the defendant was sentenced and the prosecutor did not affirmatively approve the modification.  The State concedes that the prosecutor never expressly objected to a modification of the defendant's sentence but contends that the trial court acknowledged that it did not have such authority and "clearly knew that the prosecutor did not approve and that any modification would be 'over [the prosecutor's] screaming objection.'"  Appellant's Br. at 5 (quoting Tr. at 5) (substitution by Appellant).  The defendant counters

---

[2] Indiana Code section 35-38-1-17 was recently amended to eliminate the requirement for prosecutorial approval past 365 days: "If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing.  The court must incorporate its reasons in the record."  H.E.A. 1006 § 58, 118th Gen. Assem., 2nd Reg. Sess. (Ind. 2014) (emphasis added);  P.L. 168-2014 § 58; *see* I.C. § 35-38-1-17(c) (effective July 1, 2014).

that the prosecutor *did* approve the modification through acquiescence: "the overall tenor of the trial court's comments at the January 25, 2013 hearing was that it intended to modify [the defendant's] sentence absent an objection from the State and the State acquiesced in [the defendant's] motion by failing to file any objection to the motion within a reasonable time." Appellee's Corrected Br. at 3. Further, the defendant argues, the trial court's reference to the State's "screaming objection" was "more of a facetious comment that the trial court, not the State, would bear the burden of any adverse consequences stemming from the modification of [the defendant's] sentence as the State never expressly consented thereto." *Id.* at 5. The State replies that mere acquiescence does not satisfy the statutory requirement of prosecutorial approval and challenges the binding authority of prior case law.[3]

We find that, in the context of the interactions and communications between the trial court and the prosecutor in this case, the prosecutor's conduct satisfied the "approval" requirement of the statute. The deputy prosecutor participated in the January 25 modification hearing. There, the trial court specifically told the deputy prosecutor that the court lacked authority to modify the defendant's sentence, that it wanted to know whether the prosecutor's office would approve, and that it would not modify the sentence over the prosecutor's objection. In seeking the prosecutor's consent, the trial court also stated: "If you tell me that your office is going to appeal [the court's modification order] then I will save everybody the time and the energy and save the tax payers the money and I won't do it." Tr. at 3. The deputy prosecutor agreed with the trial court that he wanted "to think about that and talk about it with somebody else." *Id.* At the end of the hearing, the trial court expressed it was "inclined to give it a try" and directed that the prosecutor's office provide "more input" to the court "in the near future" or "in the next week or

---

[3] Several prior cases from the Indiana Court of Appeals have generally recited that acquiescence may satisfy the statutory requirement for prosecutorial approval after 365 days have elapsed, but they do not actually hold that the absence of prosecutorial action is sufficient. *See, e.g.*, Hawkins v. State, 951 N.E.2d 597, 599–600 (Ind. Ct. App. 2011) (stating that "if the motion is made outside the 365-day period, but the prosecutor acquiesces in the motion, the decision to grant or deny the motion is within the trial court's discretion," but ruling that because the defendant's motion to modify was filed after expiration of 365 days, the prosecutor's objection precluded the grant of the modification), *trans. denied*; Keys v. State, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001), *trans. not sought*; State v. Fulkrod, 735 N.E.2d 851, 854 (Ind. Ct. App. 2000), *aff'd*, 753 N.E.2d 630 (Ind. 2001); State v. Porter, 729 N.E.2d 591, 592–93 (Ind. Ct. App. 2000), *trans. not sought*; Schweitzer v. State, 700 N.E.2d 488, 492 (Ind. Ct. App. 1998), *trans. denied*; Sanders v. State, 638 N.E.2d 840, 841 (Ind. Ct. App. 1994), *trans. not sought*. Further, these cases ultimately rely on Marshall v. State, 563 N.E.2d 1341, 1343 (Ind. Ct. App. 1990), *trans. denied*, which does not support this proposition.

so." *Id.* at 5. The deputy prosecutor agreed. *Id.* On March 5, over five weeks later with no response from the prosecutor's office, the trial court granted the defendant's motion for modification.

The State also contends that the trial court's inquiry regarding the State's intention to appeal "placed the prosecutor in an awkward position and sought an answer that the prosecutor lacked the authority to give," namely whether the prosecutor planned to appeal.[4] Appllant's Reply Br. at 3 n.1. But this misses the trial court's overall message, namely that it desired and planned to modify the defendant's sentence, unless the prosecutor had any objection.

The State compares this case to Fulkrod, where the trial court reserved the right to modify in the original sentencing order and nearly five years later modified the sentence without the prosecutor's approval. 753 N.E.2d at 631. We reversed the sentence modification order, explaining that the trial court had sought "to reserve a power that it did not possess beyond the 365-day limit." *Id.* at 633. Here, in contrast, the trial court did not seek to reserve a power that it did not possess. Rather, the court acknowledged the need for consent of the prosecutor, expressed its desire to go forward with the sentence modification, and asked the prosecutor's office to inform it of any objection "in the next week or so"—and the deputy prosecutor agreed.

## Conclusion

For these reasons, we conclude that in the context of the facts of this case, the prosecutor's conduct and communications adequately conveyed the "approval of the prosecuting attorney" required in Indiana Code section 35-38-1-17(b), and that the trial court did not err in proceeding to grant the defendant's motion for sentence modification. Affirmed.

Rucker, David, Massa, Rush, JJ., concur.

---

[4] The Attorney General has the exclusive right and duty to represent the State in all criminal appeals. *See* Ind. Code § 4-6-2-1 (2012) ("The attorney general shall represent the state in all criminal cases in the Supreme Court . . . ."); State v. Market, 158 Ind. App. 192, 203, 302 N.E.2d 528, 534 (1973), *trans. not sought*.