# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 27 2015, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Anthony Gonterman<br>Carlisle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Larry D. Allen<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Gonterman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 27, 2015<br><br>Court of Appeals Case No.<br>42A01-1410-CR-435<br><br>Appeal from the Knox Circuit Court<br><br>The Honorable Sherry B. Gregg Gilmore, Judge<br><br>Cause No. 42C01-9508-CF-43 |

**Najam, Judge.**

# Statement of the Case

Anthony Gonterman appeals the trial court's denial of his motion for appointment of special prosecutor and motion for modification of sentence. Gonterman presents two issues for our review:

1. Whether the trial court abused its discretion when it denied his motion for appointment of a special prosecutor.

2. Whether the trial court abused its discretion when it denied his motion for modification of sentence.

We affirm.

# Facts and Procedural History

On August 18, 1995, the State charged Gonterman with kidnapping, as a Class A felony; escape, as a Class B felony; and robbery, as a Class B felony. And on March 22, 1996, Gonterman pleaded guilty as charged. On April 11, 1996, the trial court entered judgment of conviction and sentenced Gonterman to an aggregate term of fifty-five years. Gonterman did not appeal his sentence.

On April 7, 1997, Gonterman filed a "verified motion for reduction or suspension of sentence," which the trial court denied. Appellant's App. at 2. On October 23, 2006, Gonterman filed a motion for modification of sentence, and, after the State objected, the trial court denied that motion. On February 26, 2007, Gonterman filed another motion for modification of sentence and a petition for the appointment of a special prosecutor. The State filed an objection to the petition for the appointment of a special prosecutor. Following

a hearing, the trial court denied Gonterman's petition for appointment of a special prosecutor, and the court subsequently denied Gonterman's motion for modification of sentence. Gonterman appealed the trial court's denial of those motions, but his appeal ultimately was dismissed with prejudice.

[4] On July 8, 2014, Gonterman filed another motion for modification of sentence and a motion for appointment of special prosecutor, and the trial court denied those motions. This appeal ensued.

## Discussion and Decision

### *Issue One: Motion for Appointment of Special Prosecutor*

[5] Gonterman first contends that the trial court abused its discretion when it denied his motion to appoint a special prosecutor. But we do not address that issue on the merits because, as the State points out, it is barred by res judicata.

> The doctrine of res judicata prevents the repetitious litigation of disputes that are essentially the same. *French v. French*, 821 N.E.2d 891, 896 (Ind. Ct. App. 2005). The principle of res judicata is divided into two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel. *Id.*
>
> * * *
>
> Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003). The following four

> requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind. Ct. App. 2000), *trans. denied*.

*Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005), *trans. denied*.

[6] Here, in 2007, Gonterman filed a petition for a special prosecutor, which the trial court denied. Gonterman appealed, and that appeal was dismissed with prejudice. It is well settled that a dismissal with prejudice is a dismissal on the merits, and, as such, it is conclusive of the rights of the parties. *Lakeshore Bank & Trust Co. v. United Farm Bureau Mut. Ins. Co.*, 474 N.E.2d 1024, 1027 (Ind. Ct. App. 1985). Claim preclusion bars Gonterman's challenge to the trial court's denial of his petition for appointment of special prosecutor in this appeal. *Herr*, 834 N.E.2d at 703.

### Issue Two: Motion for Modification of Sentence

[7] Gonterman next contends that the trial court abused its discretion when it denied his motion for modification of sentence. Generally, a trial judge has no authority over a defendant after he pronounces sentence. *Sanders v. State*, 638 N.E.2d 840, 841 (Ind. Ct. App. 1994). A limited exception is found in Indiana Code Section 35-38-1-17(b), which, at the time Gonterman committed the

instant offenses, provided that, after 365 days have elapsed since the date of sentencing, a trial judge may reduce or suspend the sentence subject to the approval of the prosecuting attorney.[1]  *Id.*  Where the prosecuting attorney acquiesces in the motion for sentence modification under subsection (b), the decision to grant or deny the motion is within the trial court's discretion.  *Id.*

[8]  Here, more than one year had elapsed between the date of sentencing and Gonterman's motion for modification of sentence, and the prosecutor did not acquiesce in the motion.[2]  Thus, the trial court did not have discretion to consider Gonterman's motion.  *See id.*  Accordingly, Gonterman cannot show that the trial court abused its discretion when it denied his motion.

Affirmed.

Baker, J., and Friedlander, J. concur.

---

[1] Effective July 1, 2014, Indiana Code Section 35-38-1-17 was amended in relevant part to remove the requirement that the prosecutor approve of any sentence modification.  It is undisputed that the former version of the statute applies here.

[2] In *State v. Harper*, 8 N.E.3d 694, 697 (Ind. 2014), our supreme court explained that, in the context of the former version of Indiana Code Section 35-38-1-17(b), a prosecutor's acquiescence requires something more than mere inaction in the face of a defendant's motion to modify his sentence.  In *Harper*, the trial court held a hearing on the defendant's motion to modify his sentence, and the court expressed its desire to modify the sentence should the prosecutor approve.  The prosecutor requested time to consider the motion, and the trial court told the prosecutor to let the court know its position within one week.  The prosecutor did not express any position to the trial court within the time allotted, and the court granted the motion.  On appeal, our supreme court held that "the prosecutor's conduct and communications adequately conveyed the 'approval of the prosecuting attorney' required in Indiana Code section 35-38-1-17(b), and that the trial court did not err in proceeding to grant the defendant's motion for sentence modification."  *Id.*