

**FILED**
May 12 2015, 10:25 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Floyd Carr<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Floyd Carr,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 12, 2015<br><br>Court of Appeals Case No.<br>45A04-1409-CR-456<br><br>Appeal from the Lake Superior<br>Court; The Honorable Michael J.<br>Lambert, Judge *Pro Tempore*;<br>45G02-9909-CF-160 |

**May, Judge.**

[1] Floyd Carr appeals the court's denial of his motion to modify sentence. The court did not abuse its discretion as it had no authority to modify Carr's sentence without approval of the prosecutor.

[2] We affirm.

## Facts and Procedural History

[3] On July 21, 2000, the court imposed a fifty-five-year sentence for Carr's conviction of murder, ordering him to serve forty-five years incarcerated and ten years on probation. On July 10, 2014, Carr moved for the court to modify his sentence, specifically to reduce or suspend his remaining sentence. That same day, the court denied Carr's motion in an order that provided in pertinent part, that the court "denies said motions since more than three hundred sixty-five (365) days have elapsed since you began serving your sentence, and your sentence was imposed on July 21, 2000, the Court may not modify your sentence unless you have the approval of the Prosecuting Attorney." (Appellant's App. at 1.)

## Discussion and Decision

[4] Carr asserts the trial court erred by denying his petition for sentence modification filed under Indiana Code Section 35-38-1-17 (2014). We review a trial court's decision as to a motion to modify only for an abuse of discretion. *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015). An abuse of discretion has occurred when the court's decision was "clearly against the logic and effect of the facts and circumstances before the court." *Id.*

[5] Carr claims the court abused its discretion by insisting approval of the prosecutor was required for sentence modification. In support thereof, Carr cites the version of the statute controlling sentence modification that became effective July 1, 2014:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(c) (2014).

[6] As Carr notes, that provision does not necessitate prosecutorial approval, and Carr waited until after July 1, 2014, to file his motion for modification because the relevant portion of the prior version of the statute did require approval from the prosecutor. *See* Ind. Code § 35-38-1-17(b) ("(b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*.") (2012) (emphasis added).

[7] However, contrary to Carr's assertion, the sentence modification statute that became effective in 2014 does not apply to him. That modification occurred pursuant to Section 396 of Public Law 158-2013 and Section 58 of Public Law 168-2014. *See* Ind. Code Ann. § 35-38-1-17 (2014) (West). Pursuant to another statute that also became effective on July 1, 2014:

> (a) A SECTION of P.L.158-2013 or P.L.168-2014 does not affect:

(1) penalties incurred;

(2) crimes committed; or

(3) proceedings begun;

before the effective date of that SECTION of P.L.158-2013 or P.L.168-2014. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or P.L.168-2014 had not been enacted.

(b) The general assembly does not intend the doctrine of amelioration (see Vicory v. State, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or P.L.168-2014.

Ind. Code § 1-1-5.5-21 (2014). Thus, as Carr's crime was committed in 1999, well before the effective date of the new criminal code, the new statute does not apply to him. *See id*.; *see also Hobbs*, 26 N.E.3d at 985 ("there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply").

[8] Because the new version of the sentence modification statute does not apply to Carr, we cannot find an abuse of discretion in the trial court's denial of Carr's motion to modify. Accordingly, we affirm.

[9] Affirmed.

Robb, J., and Mathias, J., concur.