## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 28 2015, 9:46 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Ralph Franklin, Jr.
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ralph Franklin, Jr., | August 28, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Cause No. 49A05-1410-CR-499 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Kurt M. Eisgruber, Judge, The Honorable Steven J. Rubick, Magistrate |
| *Appellee-Respondent.* | Trial Court Cause No. 49G01-1209-FC-66965 |

**Barnes, Judge.**

# Case Summary

Ralph Franklin, Jr., appeals the trial court's denial of his motion for modification of sentence. We affirm.

# Issue

Franklin raises one issue, which we restate as whether the trial court properly denied his motion for modification of sentence.

# Facts

In September 2012, Franklin was charged with two counts of Class C felony child molesting. In March 2013, Franklin pled guilty to one count of Class C felony child molesting and was sentenced to eight years with seven years to be served in the Department of Correction ("DOC") and one year to be served in Marion County Community Corrections ("MCCC").

On September 15, 2014, Franklin filed a pro se motion to modify his sentence. In the motion, Franklin requested that the trial court either: (1) allow him to take all of his possessions with him to MCCC, or (2) convert his one year in MCCC to one year in the DOC. Franklin contended that MCCC would not allow him to leave the custody of the DOC with any personal property except legal work and that he had possessions purchased from the inmate commissary and documents from various classes and programs that he had taken. The next day, the trial court denied the motion, finding that "a modification is neither warranted nor appropriate." App. p. 16. Franklin now appeals.

# Analysis

Franklin argues that the trial court erred by denying his motion for modification of his sentence.[1] We review a trial court's decision to modify a sentence only for abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

Franklin contends that he needs documents obtained through his treatment programs to continue his rehabilitation, which is a correctional goal. He also argues that he should be able to transport his "tooth brush holder, soap dish, bowl, cup, etc." to MCCC and "should not be required to repurchase the same property he already has." Appellant's Br. p. 4. Franklin requests that he be allowed to transport his personal property to MCCC or that his sentence be converted to an additional year in prison rather than a year in community corrections at MCCC.[2]

---

[1] Franklin's issue statement is: "Is there a right, constitutional and/or statutory, for rehabilitation of an individual incarcerated within a state prison order [sic] authority of the Indiana Department of Corrections? If not, what is the word Corrections doing in the agency name?" Appellant's Br. p. 1. However, Franklin's argument concerns whether the trial court should order MCCC to allow Franklin to take his personal possessions with him when he is transported from the DOC to MCCC.

[2] Although the State does briefly discuss whether a hearing on a motion for modification of sentence is required, Franklin made no argument that he was entitled to a hearing on his motion. Consequently, we do not address that issue.

[7] A trial court generally has no authority over a defendant after sentencing. *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014). One exception is Indiana Code Section 35-38-1-17, which allows a convicted person to request a reduction or suspension of his or her sentence by filing a motion to modify his or her sentence. Franklin, however, is not requesting a reduction or suspension of his sentence. Rather, he is requesting an exception to MCCC's purported policies or a change in the location of his incarceration from community corrections to the DOC, which the State points out would be an enhancement of his sentence, not a reduction or suspension. Consequently, a motion for modification of sentence is not the proper method of obtaining the relief he is requesting. Franklin's issue appears to be more of a grievance with MCCC's policies and procedures.

[8] In his reply brief, Franklin argues that he may have "mislabeled" his motion and that the trial court should have considered "the motion under the proper rule and/or statute knowing [Franklin] is not an attorney." Appellant's Reply Br. p. 4. We note, however, that Franklin cites no relevant statutes or cases demonstrating that the trial court had the authority to order MCCC to allow Franklin to bring his personal possessions to MCCC when he leaves the DOC. It is unclear what "proper rule and/or statute" Franklin is referring to. *Id.* Under these circumstances, we cannot say that the trial court abused its discretion by denying Franklin's motion for modification of his sentence.

# Conclusion

[9] The trial court properly denied Franklin's motion for modification of his sentence. We affirm.

[10] Affirmed.

Kirsch, J., and Najam, J., concur.