## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2016, 8:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Robert M. Nolan<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert M. Nolan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 31, 2016<br><br>Court of Appeals Case No.<br>22A01-1503-CR-120<br><br>Appeal from the Floyd Superior Court<br><br>The Honorable Maria D. Granger, Judge<br><br>Trial Court Cause No.<br>22D03-0907-FB-1637 |

**Najam, Judge.**

## Statement of the Case

Robert Nolan appeals the trial court's denial of his petition for modification of his sentence following his convictions for rape, as a Class B felony; child molesting, as a Class C felony; and two counts of child seduction, Class D felonies. Nolan presents a single issue for our review, namely, whether the trial court abused its discretion when it denied his petition for modification of his sentence. We affirm.

## Facts and Procedural History

On July 2, 2010, a jury found Nolan guilty of rape, as a Class B felony; child molesting, as a Class C felony; and two counts of child seduction, Class D felonies. The trial court entered judgment of conviction on all counts and sentenced Nolan to an aggregate term of thirty years with eight years suspended to probation. This court affirmed his convictions and sentence on appeal. *Nolan v. State*, No. 22A01-1007-CR-433, 2012 WL 456537 (Ind. Ct. App. February 14, 2012).

On June 17, 2014, Nolan filed a petition for modification of his sentence. At a hearing on the petition, the State objected to any modification of his sentence. Still, the trial court heard testimony from several character witnesses. The trial court took the matter under advisement, and on March 2, 2015, the trial court denied Nolan's petition. This appeal ensued.

# Discussion and Decision

[4] We review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[5] A trial court generally has no authority over a defendant after sentencing. *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014). A notable exception is Indiana Code Section 35-38-1-17, which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Id.* From 1991 until June 30, 2014, the relevant section of the sentence modification statute read:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*. . . .

Ind. Code § 35-38-1-17(b) (2009) (emphasis added). Effective July 1, 2014, the criminal code was subject to a comprehensive revision pursuant to P.L. 158-2013 and P.L. 168-2014. The pertinent section of the sentence modification statute was amended to read:

> (c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that

the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(c) (2014). The legislature also included a specific savings clause as part of the 2014 revision of the criminal code, stating that:

> (a) A SECTION of P.L. 158-2013 or P.L. 168-2014 does not affect:
>
> > (1) penalties incurred;
> >
> > (2) crimes committed; or
> >
> > (3) proceedings begun;
>
> before the effective date of that SECTION of P.L. 158-2013 or P.L. 168-2014. Those penalties, crimes, and proceedings continue and shall be imposed or enforced under prior law as if that SECTION of P.L. 158-2013 or P.L. 168-2014 had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (*see [Vicory] v. State* [272 Ind. 683], 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L. 158-2013 or P.L. 168-2014.

I.C. § 1-1-5.5-21.

[6] This court has held that "the 2014 amendment to Indiana Code section 35-38-1-17 was neither remedial nor procedural" and "the savings clause evinces the intent of the legislature to apply the new criminal code only prospectively." *Johnson v. State*, 36 N.E.2d 1130, 1137 (Ind. Ct. App. 2015), *trans. denied*. Here, as the State points out, "every provision of the savings clause bars Nolan's

petition: his crimes were committed, his penalties incurred, and these proceedings were begun before July 1, 2014." Appellee's Br. at 9. Because the prosecutor objected to Nolan's petition for modification of his sentence, the trial court had no authority to modify his sentence under the applicable version of Indiana Code Section 35-38-1-17(b), and the court did not abuse its discretion when it denied Nolan's petition. *See Carr v. State*, 33 N.E.2d 358, 359 (Ind. Ct. App. 2015) (holding pre-2014 version of sentence modification statute applied where defendant petitioned for modification after effective date of new version of statute but had committed crimes prior to 2000), *trans. denied*.

Affirmed.

Robb, J., and Crone, J., concur.