## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2016, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brian Firestone
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Firestone,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 15, 2016

Court of Appeals Case No.
49A05-1511-CR-2029

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-0104-CF-1083368

**Crone, Judge.**

# Case Summary

[1] Fourteen years after he was convicted of class A felony conspiracy to commit murder, class A felony kidnapping, and class C felony sexual battery, Brian Firestone filed a petition for modification of his eighty-eight-year sentence. The trial court denied his petition, and he now appeals. Because the trial court lacked authority to modify Firestone's sentence without the approval of the prosecutor, we find no error in its denial of his petition for sentence modification. As such, we affirm.

# Facts and Procedural History

[2] One night in August 2001, Firestone and Jamie Robinson abducted seventeen-year-old A.G. as she left work at the Brown County Inn. The two men took A.G.'s vehicle and drove her to Robinson's home. They cut off her clothing with a knife, and Firestone held her down while Robinson tied her to the bed with rope and duct tape. Firestone touched her breasts and genitals and watched as Robinson raped her.

[3] Firestone and Robinson put A.G. back into the vehicle, engaged the safety locks to prevent her escape, and drove to Missouri. The two men agreed to use her as a sex slave and then kill her when they got to the mountains. Meanwhile, A.G.'s parents notified the Brown County Sheriff's Department about their missing daughter. At some point, Firestone drove the vehicle off the road and damaged it to the extent that it would not run. Missouri law enforcement located the vehicle with all three occupants still inside.

[4]     The State charged Firestone with class A felony conspiracy to commit murder, class A felony kidnapping, class B felony criminal confinement, class C felony sexual battery, class D felony auto theft, and class B felony robbery. A jury found him guilty on all charges except for class B felony robbery. The trial court merged the criminal confinement and auto theft convictions into the class A felony kidnapping conviction. The trial court sentenced Firestone to consecutive terms of thirty years for conspiracy to commit murder, fifty years for kidnapping, and eight years for sexual battery, for an aggregate eighty-eight-year term.

[5]     Fourteen years later, Firestone wrote a letter to the prosecutor asking for approval to file a petition for modification of sentence. He did not receive a response from the prosecutor and thereafter filed a petition with the trial court for modification of his sentence. The trial court denied his petition in an order reading in part as follows: "After reviewing the file and the Defendant's petition, the Court believes the original sentence imposed was appropriate given the seriousness of the offense and the defendant's criminal history. Therefore, no modification will be considered." Appellant's App. at 12. Firestone now appeals.

## Discussion and Decision

[6]     Firestone maintains that the trial court erred in denying his petition for modification of sentence. We review a trial court's decision on a petition to modify sentence for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358

(Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when a trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court." *Id*. at 359.

[7] Indiana Code Section 35-38-1-17, as it existed at the time of Firestone's offenses, reads in pertinent part as follows:

> (b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney.*

(Emphasis added.)[1] A trial court lacks statutory authority to modify a defendant's sentence if more than 365 days have elapsed since that defendant began serving his sentence and the prosecutor does not approve the modification. *Reed v. State*, 796 N.E.2d 771, 774 (Ind. Ct. App. 2003).

[8] Firestone was sentenced in 2001 but did not file his petition for modification of sentence until 2015. Since the 365-day period had elapsed, the approval of the

---

[1] Indiana Code Section 35-38-1-17 has undergone numerous amendments over the last twenty years. The parties appear to rely on relatively recent versions of the statute, which include new filing limitations as well as the classification of certain convicted persons as "violent criminals." However, the statute as it existed at the time of Firestone's offenses made no such distinctions. In *Jaco v. State*, 49 N.E.3d 171, 173-75 (Ind. Ct. App. 2015), another panel of this Court discussed at length whether the proper version of the statute to be applied is the one in effect at the time the defendant committed his offense or the one in effect on the date of his petition for sentence modification. The *Jaco* court held that a defendant seeking sentence modification shall be subject to the version of the statute in effect when he committed the offense. *Id*. at 173. Because Firestone committed his offenses in August 2001, we apply the statute as it existed at that time. No hearing was held on Firestone's petition, but because the prosecuting attorney did not approve of reducing or suspending Firestone's sentence and the trial court did not do so, no hearing was required.

prosecuting attorney was necessary. Firestone wrote the prosecutor's office in August 2015 to request approval to file a petition for modification of sentence. The record is devoid of any evidence that the prosecutor gave its consent to Firestone's request for sentence modification. Firestone argues that the prosecutor's lack of response/objection to his correspondence is "acquiescence tantamount to consent," citing *State v. Harper*, 8 N.E.3d 694, 695 (Ind. 2014). Appellant's Br. at 4.

[9] In *Harper*, our supreme court addressed the question of whether a prosecutor's silence can be deemed consent to sentence modification where the petition is filed after the 365-day period has elapsed. *Id*. There, the trial court held a hearing on the defendant's modification petition, and the deputy prosecutor was in attendance and did not object. The trial court indicated its inclination to grant the petition but emphasized that it lacked the authority to do so absent the approval of the prosecutor. *Id*. at 697. The deputy prosecutor indicated that he would think about it and talk it over with another person from the prosecutor's office. *Id*. At the close of the hearing, the trial court reiterated its inclination to grant the petition and directed the prosecutor's office to give its input "in the near future" or "in the next week or so." *Id*. When the prosecutor's office failed to respond in the ensuing five weeks, the trial court granted the defendant's modification petition. *Id*. at 697-98. Another panel of this Court reversed, and on transfer, our supreme court held that under the unique circumstances of that case, the prosecutor's conduct was sufficient to establish prosecutorial consent to modification. *Id*. at 697.

[10]   We find *Harper* distinguishable. There, the trial court specifically asked the prosecutor's office for a response – within a week. In contrast, here, Firestone sought prosecutorial approval for sentence modification through a letter. He did not receive a response and filed a modification petition with the trial court. The trial court denied Firestone's petition after reviewing the file and petition. There is nothing in the record indicating any unique circumstance that would establish tacit prosecutorial approval.

[11]   Simply put, the prosecutor never approved of a sentence modification for Firestone, and as such, the trial court did not have statutory authority to grant a sentence modification.[2] Even if it had, the record supports the trial court's conclusion that modification was not appropriate given Firestone's criminal history and the heinous nature of Firestone's offenses in this case. Thus, the trial court therefore acted within its discretion in denying Firestone's petition for sentence modification. Accordingly, we affirm.

[12]   Affirmed.

Najam, J., and Robb, J., concur.

---

[2] Citing paragraph (e)(2) of the current version of Indiana Code Section 35-38-1-17, Firestone also asserts that the trial court was required by statute to order a report from the Department of Correction or take into consideration his rehabilitative efforts while imprisoned. However, paragraph (e)(2) was not included in the 2001 version of the statute, and similar language included in the 2001 version concerning obtaining a report from the Department of Correction applies in situations where the 365-day period has not yet elapsed. Ind. Code § 35-38-1-17(a)(3) (2001). Even so, the record reflects that the trial court was aware of Firestone's remorse and efforts at rehabilitation and nevertheless denied the petition.