## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 03 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lynn K.C. Sines
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lynn K.C. Sines,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 3, 2016

Court of Appeals Case No.
91A05-1603-CR-544

Appeal from the White Superior Court

The Honorable Robert B. Mrzlack, Judge

Trial Court Cause No.
91D01-1201-FB-5

**Mathias, Judge.**

[1]     Lynn K.C. Sines ("Sines") filed in White Superior Court a motion to modify his ten-year sentence. The trial court denied the motion, and Sines appeals.

Concluding that Sines is not entitled to a sentence modification under Indiana Code section 35-38-1-17, we affirm.

## Facts and Procedural History

On March 29, 2012, Sines pleaded guilty in White Superior Court to Class B felony sexual misconduct with a minor. Pursuant to the terms in his plea agreement, he was ordered to serve a ten-year sentence.

Sines has since filed eleven motions to modify his sentence and/or placement: eight in 2012, one in 2013, one in 2014, and the motion at issue in this appeal, which was filed on February 22, 2016. In the 2016 motion, Sines argued that the trial court should modify his sentence by suspending the remainder of his sentence to home detention and probation.

The trial court summarily denied Sines' motion and entered the following order:

> The Court has reviewed the proceedings in this cause and has considered said motion. The Defendant was sentenced pursuant to a plea agreement. The Court will not modify the Defendant's request for a modification of sentence without the State joining in his request.

Appellant's App. p. 24. Sines now appeals.

## Discussion and Decision

The motion for modification of sentence was governed by Indiana Code Section 35-38-1-17. We review a trial court's ruling on a motion to modify for

an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs if the trial court's ruling is clearly against the logic and effect of the facts and circumstances. *Id*. at 359.

[5] Indiana Code section 35-38-1-17 allows a convicted person to request a reduction or suspension of his sentence.[1] Specifically, after a convicted person begins serving his sentence and

> the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned; the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

I.C. 35-38-1-17(e).

[6] However, the court "may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions." I.C. 35-38-1-17(h). Finally,

> A convicted person who is not a violent criminal may file a petition for sentence modification under this section:

---

[1] Under the statute, are separate provisions for violent versus non-violent criminals. Persons convicted of Class A or B felony sexual misconduct with a minor are treated as violent criminals under section 35-38-1-17, if the conviction is the result of an offense described in Indiana Code section 35-42-4-9(a)(2) or section 35-42-4-9(b)(2). In his brief, Sines states he was convicted of the offense described in Indiana Code section 35-42-4-9(a)(1); therefore, he is not classified as a violent offender under section 35-38-1-17. The record does not establish whether Sines was convicted of the offense described in subsection (a)(1) or (a)(2) of the sexual misconduct with a minor statute. However, the State does not challenge Sines's claim. Therefore, we will consider Sines a non-violent criminal as that classification is applied in section 35-38-1-17.

> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and

> (2) a maximum of two (2) times during any consecutive period of incarceration;

without the consent of the prosecuting attorney.

I.C. 35-38-1-17(j).

[7] The motion for sentence modification at issue in this appeal is Sines's eleventh attempt to modify his sentence, and he did not obtain the consent of the prosecuting attorney. His motion exceeds the number of filings that he is permitted under section 35-38-1-17(j) without the consent of the prosecuting attorney. *See e.g. Vasquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015). For this reason, the trial court properly denied Sines's motion to modify his sentence.

[8] Affirmed.

Vaidik, C.J., and Barnes, J., concur.