## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Elijah Roberson<br>Michigan City, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Elijah Roberson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 20, 2016<br><br>Court of Appeals Case No.<br>45A03-1602-CR-456<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Samuel L. Cappas, Judge<br><br>Trial Court Cause No.<br>45G04-0912-FA-57 |

**Bradford, Judge.**

## Case Summary

[1]     On August 31, 2010, Appellant-Defendant Elijah Roberson pled guilty to Class A felony child molesting. In exchange for Roberson's plea, Appellee-Plaintiff the State of Indiana agreed to dismiss additional charges of Class B felony sexual misconduct with a minor, Class B felony incest, and Class C felony sexual misconduct with a minor. The trial court accepted Roberson's guilty plea and sentenced him to a forty-year term of incarceration. Roberson's sentence was affirmed on direct appeal. On February 2, 2016, Roberson filed a *pro se* motion seeking a modification of his sentence. The prosecuting attorney did not consent to Roberson's motion. The trial court subsequently summarily denied Roberson's motion.

[2]     On appeal, Roberson contends that the trial court abused its discretion in summarily denying his motion for a modification of his sentence. We affirm.

## Facts and Procedural History

[3]     Our memorandum decision in Roberson's direct appeal, which was handed down on June 24, 2011, instructs us as to the underlying facts and procedural history leading to the instant appeal.

> The facts supporting Roberson's guilty plea can be found in the stipulated factual basis for the guilty plea. Roberson, who was born in 1962, is the biological uncle and adoptive father of the victim, S.R., who was born in 1992. Between March 6, 2003 and June 1, 2003, while Roberson and S.R. were living in East Chicago, Roberson had vaginal sexual intercourse with S.R. one or two times per week. Roberson told S.R. not to tell anyone about the sexual intercourse because Roberson would go to jail.

> The trial court accepted Roberson's guilty plea and sentenced him to a term of forty years executed.

*Roberson v. State*, 45A03-1011-CR-564, *1 (Ind. Ct. App. June 24, 2011). On appeal, we affirmed Roberson's sentence. *Id*. at *2. The Indiana Supreme Court subsequently denied Roberson's transfer petition.

[4] On February 2, 2016, Roberson filed a *pro se* motion seeking a modification of his sentence. The prosecuting attorney did not consent to Roberson's motion. The trial court summarily denied Roberson's petition on February 5, 2016. This appeal follows.

# Discussion and Decision

[5] Roberson contends that the trial court erred in summarily denying his motion for a sentence modification. "We review a trial court's decision as to a motion to modify only for an abuse of discretion." *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion has occurred when the court's decision was clearly against the logic and effect of the facts and circumstances before the court." *Id*. at 359 (internal quotation omitted).

[6] Roberson qualifies as a violent criminal. *See* Ind. Code § 35-38-1-17(d)(10). Indiana Code section 35-38-1-17(k) provides the following with respect to an individual who is classified as a violent criminal and who committed their offense or was sentenced prior to July 1, 2014:

> This subsection applies to a convicted person who is a violent criminal. A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal *may not file a petition for sentence modification without the consent of the prosecuting attorney*.

(Emphasis added).

[7] The record reveals that Roberson was sentenced on October 5, 2010. He did not file his motion for a sentence modification until February 2, 2016, far more than 365 days after he was sentenced. Thus, pursuant to Indiana Code section 35-38-1-17(k), the trial court could only grant Roberson's request for a modification of his sentence if he received the consent of the prosecuting attorney.[1] The record before the court on appeal contains no indication that Roberson sought, much less received, the consent of the prosecuting attorney before requesting a sentence modification. As such, the trial court could not have granted Roberson the requested relief. We therefore conclude that the trial court did not abuse its discretion in summarily denying Roberson's petition.

---

[1] We note that the 2014 amendments to Indiana Code section 35-38-1-17 removed the requirement for consent from the prosecuting attorney. However, we held in *Johnson v. State*, 36 N.E.3d 1130, 1137-38 (Ind. Ct. App. 2015), that the 2014 amendments did not apply retroactively to penalties incurred, crimes committed, or proceedings begun before the statute was amended. Further, it is also of note that Indiana Code section 35-38-1-17 was again amended in 2015 to re-introduce the requirement that a prosecuting attorney consent to a request for a sentence modification.

The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.