## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald Andrew Manley
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald A. Manley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 20, 2017<br><br>Court of Appeals Case No.<br>29A04-1611-CR-2715<br><br>Appeal from the<br>Hamilton Circuit Court<br><br>The Honorable<br>Paul A. Felix, Judge<br><br>Trial Court Cause No.<br>29C01-9506-CF-106 |

**Kirsch, Judge.**

[1] Ronald A. Manley ("Manley") appeals the trial court's denial of his motion for modification of sentence and raises the following restated issue for our review:

whether the trial court abused its discretion when it denied Manley's motion to modify his sentence.

We affirm.

## Facts and Procedural History

On June 9, 1995, the State charged Manley, as amended, with four counts of Class B felony child molesting, one count of Class B felony attempted child molesting, one count of Class C felony vicarious sexual gratification, two counts of Class C felony child molesting, and one count of Class A misdemeanor impersonating a public servant. These charges stemmed from crimes that occurred at various times in 1994 and 1995. The Class C felony vicarious sexual gratification and one count of Class C felony child molesting were later dismissed. Following a jury trial in September 1997, Manley was convicted of three counts of Class B felony child molesting, Class B felony attempted child molesting, Class C felony child molesting, and Class A misdemeanor impersonating a public servant and was acquitted of one count of Class B felony child molesting. The trial court sentenced him on May 22, 1998 to an aggregate sentence of forty-one years.

Manley appealed, and a panel of this court, in an unpublished decision, affirmed his convictions and sentence on August 31, 1999. On May 16, 2013 and May 20, 2015, Manley filed motions to modify his sentence. On both occasions, the motions were denied by the trial court. On October 7, 2016, Manley filed a third motion to modify his sentence based on rehabilitation

while incarcerated. On October 10, 2016, the State filed an objection to Manley's motion and indicated that the State did not consent to the modification. On October 31, 2016, the trial court denied Manley's motion to modify sentence. Manley now appeals.

## Discussion and Decision

Manley contends that the trial court erroneously denied his motion for sentence modification. We review a trial court's decision as to a motion to modify sentence only for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358-59 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion has occurred when the trial court's decision was "clearly against the logic and effect of the facts and circumstances before the court." *Id.*

Manley argues that the trial court abused its discretion when it denied his motion to modify his sentence. He claims that it was error for the trial court to deny his motion solely on the objection of the prosecutor pursuant to Indiana Code section 35-38-1-17(k). Manley asserts that section 35-38-1-17(k) does not apply to him because he did not commit a violent crime, and therefore, the trial court had the authority to modify his sentence without the consent of the prosecutor. Manley further contends that it was a violation of the ex post facto doctrine to find that he had committed a violent crime because child molesting was not considered a violent crime at the time he committed his crimes.

A trial judge generally has no authority over a defendant after sentencing. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015) (citing *State v.*

*Harper*, 8 N.E.3d 694, 696 (Ind. 2014)), *trans. denied*. One exception is Indiana Code section 35-38-1-17, which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Id*. Indiana Code section 35-38-1-17(a) states that the section "applies to a person who: (1) commits an offense; or (2) is sentenced before July 1, 2014." Therefore, section 35-38-1-17 applies to Manley, because he committed his crimes in 1994 and 1995 and was sentenced on May 22, 1998, which are all prior to July 1, 2014.

[8] Under subsection (k),

> [a] convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney.

Ind. Code § 35-38-1-17(k). Manley qualifies as a violent criminal under the statute because he was convicted of child molesting. I.C. § 35-38-1-17(d)(10) ("violent criminal" means a person convicted of child molesting).

[9] Here, Manley filed his third motion for sentence modification on October 6, 2016, which was more than 365 days after he was sentenced. Thus, the trial court could only grant Manley's motion for modification of his sentence if he received the consent of the prosecuting attorney. I.C. § 35-38-1-17(k). The prosecutor did not consent to Manley's motion for sentence modification. Therefore, the trial court could not grant Manley's requested relief.

Manley argues on appeal that he was not considered a violent criminal when he committed child molesting in 1994 according to Indiana Code section 35-50-1-2(a) (1994) because child molesting was not listed as a crime of violence. However, Indiana Code section 35-38-1-17, the sentence modification statute, clearly states that "[a]s used in this section, 'violent criminal' means a person convicted of . . . child molesting." I.C. § 35-38-1-17(d)(10). Therefore, Manley is considered a violent criminal for sentence modification purposes despite what crimes were listed in Indiana Code section 35-50-1-2, which is a sentencing statute placing limits on consecutive sentences based on crimes of violence, in 1994. The trial court did not abuse its discretion in denying Manley's motion for sentence modification.

Additionally, Manley also claims that classifying child molesting as a violent crime violates the ex post facto prohibitions of the Indiana Constitution because the list of violent crimes in Indiana Code section 35-38-1-17 did not exist when he committed his crimes. He also points to Indiana Code section 35-50-1-2, which also did not list child molesting as a violent crime at the time his crimes were committed. An ex post facto law applies retroactively to disadvantage an offender's substantive rights. *Collins v. State*, 911 N.E.2d 700, 712 (Ind. Ct. App. 2009), *trans. denied.* To determine whether a particular statute is an ex post facto law, we examine whether the change increases the penalty by which a crime is punishable or alters the definition of criminal conduct. *Id.*

In the present case, the effect of the 2015 amendment to section 35-38-1-17 was to leave Manley in the same position he was in when he committed his crimes

in 1994 and 1995.  The pertinent portion of the statute in effect at the time of the commission of Manley's crime read as follows:

> If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney . . . .

I.C. § 35-38-1-17(b) (West Supp. 1992).  The 2015 amendment to section 35-38-1-17 did not increase the punishment for, or change the elements of, any crime or deprive anyone of a defense or lesser punishment.  Under either of the versions of the statute, Manley was required to have approval of the prosecutor in order to have his sentence modified.  The change in the statute merely permitted non-violent criminals to petition for sentence modification without prosecutorial approval.  As such, we conclude that it does not violate constitutional prohibitions against ex post facto laws.  *See Collins*, 911 N.E.2d at 712.  Finding that the trial court correctly applied Indiana Code section 35-38-1-17, and that the law did not violate Manley's constitutional rights, we affirm.

[13]    Affirmed.

[14]    Mathias, J., and Altice, J., concur.