## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2018, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

LeRon Everett Easley-El
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

LeRon E. Easley-El,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 2, 2018

Court of Appeals Case No.
18A-CR-691

Appeal from the Marion Superior Court

The Honorable Amy Barbar, Magistrate

Trial Court Cause No.
49G02-9303-CF-33518

**Bradford, Judge.**

# Case Summary

In 1993, LeRon E. Easley-El was convicted of attempted murder, rape, criminal deviate conduct, criminal confinement, robbery, and two counts of burglary. He was sentenced to an aggregate ninety-year term. In the years since his convictions, Easley-El has filed numerous unsuccessful motions to modify his sentence. In the instant appeal, he challenges the denial of his most recent motion to modify his sentence. We affirm.

# Facts and Procedural History

In August of 1993, Easley-El was sentenced to an aggregate ninety-year term after he pled guilty to attempted murder, rape, criminal deviate conduct, criminal confinement, robbery, and two counts of burglary. In 2005, Easley-El's sentence was affirmed following a belated appeal. Between the years 1993 and 2015, Easley-El filed eleven motions for modification of his sentence, all of which were denied. On March 8, 2018, Easley-El filed his twelfth motion for sentence modification. The trial court denied Easley-El's motion on March 12, 2018, stating that the "Petitioner is serving a sentence for a violent offense; Petitioner has failed to show that the State of Indiana approves a modification herein. Ct. DENIES modification." Appellant's App. p. 41.

# Discussion and Decision

Easley-El contends that the trial court abused its discretion by denying his motion for a sentence modification. "We review a trial court's decision as to a

motion to modify only for an abuse of discretion." *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015). "An abuse of discretion has occurred when the court's decision was clearly against the logic and effect of the facts and circumstances before the court." *Id*. at 359 (internal quotation omitted).

[4] Easley-El's crimes qualify him as a violent criminal. In seeking relief, he must therefore comply with the rules relating to sentence modification for violent criminals. Indiana Code section 35-38-1-17(k) provides that after the elapse of 365 days from the date of sentencing, a convicted person who is a violent criminal may not file a motion for sentence modification without the consent of the prosecuting attorney. It is undisputed that the sentence at issue was imposed in 1993. Easley-El's motion for modification of his sentence was filed on March 8, 2018, far more than 365 days from the date of sentencing. As such, his motion required consent from the prosecuting attorney, which he did not have. The trial court, therefore, did not abuse its discretion in denying Easley-El's petition.

[5] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.