

**FILED**

Mar 05 2018, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
| Hakeen Hogan | Curtis T. Hill, Jr. |
| Bunker Hill, Indiana | Attorney General of Indiana |
| | George P. Sherman |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hakeen Hogan, | March 5, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 71A05-1702-CR-278 |
| v. | Appeal from the St. Joseph Superior Court |
| State of Indiana, | The Honorable John M. Marnocha, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 71D02-1205-FB-71 |

**May, Judge.**

[1]     Hakeen Hogan filed a motion asking the trial court "to amend [his] Abstract of Judgment," (App. Vol. 2 at 3 (capitalization removed)), to indicate the court would consider a motion for modification of sentence if Hogan completed a

therapeutic community.  The trial court interpreted Hogan's motion as a "Motion for Modification of Sentence" and summarily denied it.  (*Id*. at 5.)

[2]     On appeal, Hogan argues the trial court erred by considering his motion to be one requesting modification of his sentence because "[a]ll Hogan was requesting in his motion was for the trial court to amend his abstract of judgment to more accurately reflect [the sentencing judge's original] intentions."  (Appellant's Br. at 8-9.)  After considering the Department of Correction's rules regarding Purposeful Incarceration and the sentencing court's statements during the sentencing hearing, we agree Hogan's motion should have been granted, and we reverse and remand for entry of a modified Abstract of Judgment.

# Facts and Procedural History

[3]     In 2012, Hogan pled guilty as charged to two counts of Class B felony robbery,[1] two counts of Class B felony criminal confinement,[2] and one count of Class B felony carjacking.[3]  The plea agreement gave the trial court sentencing discretion, but it capped Hogan's executed sentence at thirty years.  The trial

---

[1] Ind. Code § 35-42-5-1 (1984).

[2] Ind. Code § 35-42-3-3 (2006).

[3] Ind. Code § 35-42-5-2 (1993).

court did not enter judgment on the carjacking count due to double jeopardy concerns.

[4] At his sentencing hearing on December 5, 2012, the trial court sentenced Hogan to forty-six years, with sixteen of those years suspended to probation. At the end of that sentencing hearing, the trial court raised the prospect of placing Hogan in a Department of Correction program for persons involved with drugs:

> THE COURT: . . . Did we have some drug problem here a little bit? Marijuana or something?
>
> [Defense Counsel]: Conviction for marijuana, your Honor.
>
> THE COURT: I would be happy – because I think there's a basis for it in your case. I would be happy to put on the abstract of judgment that I think you are an appropriate candidate for whatever they call that term in the DOC, meaningful something or other that would put him into -- when they found he was appropriate for it with respect to the sentence that he's in -- will be in in this case, he would be an appropriate candidate for Therapeutic Community for example.
>
> [Defense Counsel]: I think that would be an excellent idea, your Honor.
>
> THE COURT: And it gets you all kind of credit cuts of time. And if a judge identifies somebody as being an appropriate candidate for meaningful -- I think it's called meaningful incarceration or something like that. It's some kind of term that I think would be appropriate to do.

[Defense Counsel]: I would agree, your Honor.

THE COURT: It can't hurt you, and it can get you moved up for consideration for programs, and it would get you time cuts. The question really is[:] are you really serious about turning your life around?

MR. HOGAN: Yes.

THE COURT: Well, then I'm going to do what I can to get you into some meaningful programs or make you at least eligible for them. And that will be on the abstract of judgment.

(Tr. at 93-4.) The trial court entered an Abstract of Judgment that provided:

Court recommends the Defendant be evaluated for and considered for Therapeutic Community. Defendant has a history of substance abuse and chemical addiction and dependence, and appears to be an appropriate candidate for the DOC's Purposeful Incarceration program.

(App. Vol 2 at 6.)

[5] On November 30, 2016, Hogan filed an "AMENDED MOTION FOR PURPOSEFUL INCARCERATION AND TO AMEND ABSTRACT OF JUDGMENT." (*Id*. at 3.) Hogan asked the court "to direct the clerk to produce a new Abstract of Judgment, reflecting" Hogan should be placed in the Purposeful Incarceration program. (*Id*.) In support thereof, Hogan noted the sentences entered by the trial court and then explained:

2. That upon anouncing [sic] sentencing the Court recommended that Petitioner be evaluated for Therapeutic Community. And [sic] acknowledged that Petitioner appeared to be an appropriate candidate for the DOC's Purposeful Incarceration program.

3. That in order for the Indiana Department of Correction to acknowledge the Court's order for Purposeful Incarceration, the Abstract of Judgment must reflect that the Petitioner is allowed to be placed in Purposeful Incarceration, and that the Court will consider a sentence modification upon the completion of a Therapeutic Community.

(*Id*. at 3-4.)

[6] On January 9, 2017, without receiving any additional argument or evidence, the trial court entered the following order denying Hogan's motion:

The defendant, pro se, having filed a [sic] Amended Motion for Purposefful [sic] Incarceration and to Amend Abstract of Judgment, which Motion is in the following words and figures, to-wit: (H.I.); and the court, having regarded the same as a Motion for Modification of Sentence, now denies the defendant's Motion.

(*Id*. at 5.)

# Discussion and Decision

[7] At issue in Hogan's motion is his ability to participate in a Department of Correction program called Purposeful Incarceration.

In 2009 the Indiana Department of Correction (IDOC) began a cooperative project with Indiana Court Systems called Purposeful Incarceration (P.I.). The Department works in collaboration with Judges who can sentence chemically addicted offenders and document that they will "consider a sentence modification" should the offender successfully complete an IDOC Therapeutic community. This supports the Department [of] Correction and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society.

*Purposeful Incarceration Overview*, www.in.gov/idoc/2798.htm (last visited February 15, 2018).

[8] To so sentence a defendant, the sentencing court must "communicate with the IDOC that this offender is a PI offender." *Purposeful Incarceration Details*, www.in.gov/idoc/2798.htm (last visited February 15, 2018). In addition, the court

**MUST INCLUDE** the following language in the sentencing order or abstract of judgment in order for the offender to be identified as a Purposeful Incarceration candidate:

"Upon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification to this sentence."

*Purposeful Incarceration FAQ*, https://secure.in.gov/idoc/files/PI%20FAQ%20Updated%2012.15.pdf (last visited Feb. 15, 2018) (emphases in original). Thus, as Hogan indicated in his motion:

> [I]n order for the Indiana Department of Correction to acknowledge the Court's order for Purposeful Incarceration, the Abstract of Judgment must reflect that the Petitioner is allowed to be placed in Purposeful Incarceration, and that the Court will consider a sentence modification upon the completion of a Therapeutic Community.

(App. Vol. 2 at 4.)

[9] On Hogan's Abstract of Judgment, Judge Frese recommended Hogan be considered for a Therapeutic Community because he is "an appropriate candidate for the DOC's Purposeful Incarceration program." (*Id*. at 6.) Judge Frese did not, however, indicate on that Abstract of Judgment that the court would consider a sentence modification if Hogan successfully completed a therapeutic community. (*See id*.)

[10] The State asserts, based on Judge Frese's failure at sentencing to use the term "Purposeful Incarceration" or the phrase "consider a sentence modification," that Judge Frese did not intend to place Hogan in Purposeful Incarceration. (Br. of Appellee at 8.) However, Judge Frese indicated: Hogan was "an appropriate candidate for" the DOC's program for people with drug problems, (Tr. at 94); the program would get Hogan "all kind of credit cuts of time," (*id*.); the judge making him a candidate would "get [him] moved up for consideration for programs, and it would get [him] time cuts," (*id*.); and Judge Frese would "do what I can to get [Hogan] into some meaningful programs or make [Hogan] at least eligible for them. And that will be on the abstract of

judgment." (*Id.*) Based on that language, we reject the State's assertion that Judge Frese did not intend to place Hogan in Purposeful Incarceration.[4]

[11]   Because Judge Frese's intent was to make Hogan eligible to participate in Purposeful Incarceration, Judge Frese needed to include language on the Abstract of Judgment indicating the court would consider a sentence modification if Hogan successfully completed a Therapeutic Program. *See supra Purposeful Incarceration* FAQ. The absence of such language rendered Hogan's Abstract of Judgment erroneous. We therefore hold the trial court erred when it did not grant Hogan's motion for the court to enter a new Abstract of Judgment that would allow Hogan to participate in Purposeful Incarceration. We reverse the trial court's denial of Hogan's motion and remand for the trial court to enter an Abstract of Judgment that recommends Hogan be placed in Purposeful Incarceration and states that, after Hogan successfully completes an appropriate therapeutic program, the court will consider a petition to modify Hogan's sentence.[5]

# Conclusion

---

[4] Having rejected the State's assertion about Judge Frese's intent, we also reject the State's argument based thereon that Hogan's motion was a request to *modify* his sentence. Hogan's request was for a corrected Abstract of Judgment.

[5] We reiterate for emphasis that the trial court will be required only to *consider* a petition to modify Hogan's sentence after he completes a therapeutic community. The possibility of modification is all that is promised by the Purposeful Incarceration literature, and it is all we are expecting the trial court to provide. Whether such petition should be granted is left to the discretion of the trial court who hears the motion when it is filed, based on the facts and circumstances presented by Hogan at that time.

[12] The court's statements at sentencing clearly indicate it intended Hogan to be eligible for the Purposeful Incarceration program. Because the original Abstract of Judgment was incapable of effectuating that intent, the trial court erred when it denied Hogan's motion requesting a corrected Abstract of Judgment. We accordingly reverse and remand for entry of a new Abstract of Judgment in accordance with this opinion.

[13] Reversed and remanded with instructions.

Barnes, J., and Bradford, J., concur.