## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 01 2019, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Lamont Weston,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 1, 2019

Court of Appeals Case No.
19A-CR-1023

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Trial Court Cause No.
45G01-1807-F3-49

**Bailey, Judge.**

# Case Summary

Marcus Lamont Weston ("Weston") pleaded guilty to Aggravated Battery, as a Level 3 felony,[1] for which he received a sentence of thirteen years imprisonment. He asks that, pursuant to Indiana Appellate Rule 7(B), we revise his sentence as inappropriate and that we remand for clarification as to whether his sentence should include a recommendation for therapeutic community participation. We affirm his sentence term but remand for clarification.

# Facts and Procedural History

On July 5, 2018, Weston encountered his friend, Joseph Holder ("Holder"), walking with Laketa Leonard ("Leonard"), whom Weston regarded as his girlfriend. Weston slapped Leonard and stabbed Holder in the chest, using a pocketknife. Weston took $187.00 from Holder's pants pocket and threatened to "put thirty rounds" into Holder. (App. Vol. II, pg. 12.) Holder was able to stumble away, but he fell and hit his head on rocks and a train track. Bystanders assisted Holder to a hospital, where he was treated for his injuries. Holder identified Weston as his assailant and police officers located Weston the following day; however, Weston provided a fictitious name.

---

[1] Ind. Code § 35-42-2-1.5.

[3] On July 7, 2018, the State charged Weston with aggravated battery and robbery. The charges were subsequently amended to add two counts of robbery and one count of false informing. On February 21, 2019, Weston pleaded guilty to aggravated battery and the remaining charges were dismissed. An unrelated drug dealing charge was also dismissed as part of Weston's plea deal with the State.

[4] On April 4, 2019, the trial court imposed upon Weston a sentence of thirteen years imprisonment, with none suspended. He now appeals.

# Discussion and Decision

## Appropriateness of Sentence

[5] The sentencing range for a Level 3 felony is between three years and sixteen years, with nine years as the advisory sentence. I.C. § 35-50-2-5. Finding Weston's criminal history and violation of parole to be aggravators, the trial court sentenced him to four years above the advisory sentence.

[6] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is

an "attempt to leaven the outliers." *Id.* at 1225. Appellate courts thus "reserve our 7(B) authority for exceptional circumstances." *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017). The "considerable deference" given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222).

[7] The nature of the offense involves the details and circumstances of the crime and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Weston, in an act of revenge, stabbed his friend in the chest with a pocketknife. As Weston observes, Holder was able to walk away and seek medical attention. Notably, however, Weston did not assist Holder; rather, Weston rifled through Holder's pockets and took his cash. He also verbally threatened to shoot Holder. The nature of the offense does not suggest that sentence revision is warranted.

[8] The character of the offender is found in what courts learn of the offender's life and conduct. *Id.* Weston asserts that the "negative aspects" of his character are largely "born of an untreated addiction to alcohol." Appellant's Brief at 11. Weston has a significant criminal history, consisting of seven felony convictions and thirteen misdemeanor convictions. He was on parole from the State of Wisconsin when he committed the instant offense. Thus, he has been afforded rehabilitative services in the past, without success. His decision to plead guilty

indicates some acceptance of responsibility for his actions; however, he also received a significant benefit when other charges were dismissed. What we have learned of his character does not militate toward a lesser sentence.

[9] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision.

## Remand for Clarification

[10] At the sentencing hearing, Weston admitted to an alcohol addiction and requested placement in a purposeful incarceration program or, alternatively, a therapeutic community. The trial court briefly discussed "time cuts" and addressed Weston: "I don't have any problem with you getting into whatever programs you want to get into, but that's up to you." (Tr. Vol. II, pg. 34.) At the conclusion of the oral sentencing statement, the trial court again addressed Weston: "I'll put in the sentencing order, Mr. Weston, to try to help you out a little bit, that I will recommend that you get yourself into a therapeutic community, but that's up to you. You need to work at it. Get your time cuts." *Id.* at 36. However, neither the written sentencing order nor the abstract of judgment included a recommendation for Weston's placement in the Indiana Department of Correction Therapeutic Community. The abstract of judgment included a box with a notation that Weston was not a participant in a purposeful incarceration program.

When the trial court intends to make a placement recommendation, this should be reflected in the abstract of judgment. *See Hogan v. State*, 95 N.E.3d 181, 184-85 (Ind. Ct. App. 2018). When, as here, we are confronted with a conflict between the oral sentencing statement and the written sentencing statement, we may remand for clarification. *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007). We remand with instructions for the trial court to clarify whether it intended to make a placement recommendation for Weston and, if so, to correct the judgment of conviction and the abstract of judgment.

# Conclusion

The thirteen-year sentence imposed upon Weston is not inappropriate. We remand for clarification as to whether the trial court intended to include a recommendation regarding Weston's therapeutic community participation and, if so, for correction of the sentencing order and abstract of judgment.

Affirmed and remanded for clarification.

Najam, J., and May, J., concur.