## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Mar 11 2020, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dionysios T. Doukas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 11, 2020

Court of Appeals Case No.
19A-CR-2041

Appeal from the Lake Superior
Court

The Honorable Salvador Vasquez,
Judge

Trial Court Cause No.
45G01-1711-F5-107
45G01-1712-F5-113
45G01-1712-F5-114
45G01-1712-F5-115
45G01-1712-F5-116
45G01-1712-F5-119
45G01-1712-F5-120

45G01-1712-F5-121
45G01-1712-F5-122
45G01-1801-F5-1
45G01-1801-F5-6
45G01-1801-F5-7
45G01-1801-F5-8
45G01-1801-F5-9
45G01-1801-F5-13

**Tavitas, Judge.**

## Case Summary

Dionysios Doukas appeals his twenty-year sentence received pursuant to his guilty plea to thirteen counts of robbery and four counts of attempted robbery, Level 5 felonies. We affirm.

## Issues

Doukas raises two issues for our review, which we restate as:

    I.    Whether the trial court abused its discretion in sentencing Doukas.

    II.    Whether Doukas' sentence is inappropriate in light of the nature of his offenses and Doukas' character.

## Facts

On November 21, 2017, Doukas was charged with eighteen counts of robbery and seven counts of attempted robbery, Level 5 felonies; and one count of resisting law enforcement and two counts of intimidation, Level 6 felonies. The

charges were a result of Doukas' crime spree between October 31 and November 19, 2017, wherein Doukas robbed several establishments and individuals while pretending to be armed with a gun.

[4] Pursuant to a plea agreement, Doukas pleaded guilty to thirteen counts of robbery and four counts of attempted robbery, Level 5 felonies. The State dismissed the remaining charges and declined to file an additional robbery charge resulting from a robbery on November 18, 2017. The plea agreement provided that Doukas' maximum sentence would be twenty years, and each party was "free to fully argue [its] respective position[] as to the sentence to be imposed by the Court." Appellant's App. Vol. II p. 23.

[5] The trial court accepted the plea agreement. At the August 2019 sentencing hearing, Dr. Robert Coyle, a psychologist who performed a psychological evaluation on Doukas, testified that Doukas suffers from mental health and substance abuse issues. Dr. Coyle recommended that Doukas receive "long-term psychotherapy that [also included] a substance abuse component." Sent. Tr. Vol. II p. 54. According to Doukas' presentence investigation report ("PSI"), Doukas previously received substance abuse treatment twice—once in 2012 and once in 2015.

[6] At the end of the sentencing hearing, the trial court made a passionate oral sentencing statement regarding Doukas' victims, the leniency Doukas has been given previously, and other opportunities for rehabilitation that Doukas has squandered. Subsequently, the following colloquy ensued:

[DOUKAS' COUNSEL]: . . . Would the Court consider recommending purposeful incarceration[1] for him?

THE COURT: I will put in the order that I recommend that he find himself involved in—whether it's a CLIFF program[2] or purposeful incarceration.

[DOUKAS' COUNSEL]: Yes.

THE COURT: But I'll also put in the order that there's – that I have no intent on modifying the sentence upon his – upon his completion.

[DOUKAS' COUNSEL]: Okay.

THE COURT: This is not a case where I believe a modification would be appropriate.

Sent. Tr. Vol. II pp. 107-08.

---

[1] *See Hogan v. State*, 95 N.E.3d 181, 183 (Ind. Ct. App. 2018) (quoting *Purposeful Incarceration Overview*, www.in.gov/idoc/2798.htm (last visited February 15, 2018)):

> In 2009 the Indiana Department of Correction (IDOC) began a cooperative project with Indiana Court Systems called Purposeful Incarceration (P.I.). The Department works in collaboration with Judges who can sentence chemically addicted offenders and document that they will "consider a sentence modification" should the offender successfully complete an IDOC Therapeutic community. This supports the Department [of] Correction and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society.

[2] CLIFF stands for "Clean Lifestyle is Freedom Forever." *Treece v. State,* 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied.*

[7] The trial court found as a mitigating factor that Doukas pleaded guilty and accepted responsibility. The trial court found as aggravating factors: (1) Doukas' criminal history; (2) Doukas' need for correctional or rehabilitative treatment that could best be provided in the penal facility; (3) prior leniency had no deterrent effect on Doukas' behavior; (4) Doukas committed many offenses in a short period of time; (5) Doukas committed multiple offenses involving separate victims; (6) Doukas was dishonest and manipulative; and (7) Doukas was facing robbery and armed robbery charges in two other counties at the time of his sentencing. The trial court sentenced Doukas to an aggregate sentence of twenty years in the DOC.

[8] The trial court entered an amended written sentencing order on August 15, 2019, which stated:

> As an additional condition of this sentence, the Court recommends that the defendant participate in the Cliff Program or similar program to address his poly-substance abuse issues. Additionally, the court recommends that the defendant participate in a therapeutic community to address his addictions. However, the court will not modify the sentence upon completion of such a program.

Appellant's App. Vol. II p. 63. The abstract of judgment indicated that the trial court did not recommend Doukas for Purposeful Incarceration. Doukas now appeals his sentence.

# Analysis

## *I.  Abuse of Discretion*

Doukas first argues the trial court abused its discretion in sentencing Doukas. Doukas' specific argument is that the trial court's oral and written sentencing statements clearly indicated that the trial court was recommending Doukas for Purposeful Incarceration, and, thus, the trial court erred by not recommending Doukas for Purposeful Incarceration on the abstract of judgment.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion.  *Id.*  An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*

It is clear from the trial court's oral and written sentencing statement that it was not recommending Doukas for Purposeful Incarceration, but instead, was recommending Doukas for other substance abuse programs available at the DOC.  Purposeful Incarceration includes a possible sentence modification if completed.  The trial court specifically stated it would not modify Doukas' sentence, which evidences the trial court's intent that Doukas would not be enrolled in Purposeful Incarceration.  *See Purposeful Incarceration FAQ,* https://www.in.gov/idoc/files/PI%20FAQ%20Updated% 2012.15.pdf ("A

judge MUST INCLUDE language in the sentencing order or abstract of judgment" that states: "Upon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification to this sentence.") (last visited February 26, 2020) (emphasis supplied); *see cf. Hogan v. State,* 95 N.E.3d 181, 184 (Ind. Ct. App. 2018) (holding the trial court's intent that the defendant be placed in Purposeful Incarceration was clear by its statements that the defendant was an appropriate candidate for the "DOC's program for people with drug problems"). Accordingly, we cannot say the trial court abused its discretion in failing to include Purposeful Incarceration on the abstract of judgment.

## II.    *Inappropriate Sentence*

[12] Next, Doukas argues his sentence is inappropriate. Doukas asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State*, 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied.*

[13] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. Ct. App. 2008)), *trans. denied.* In conducting our

review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders*, 71 N.E.3d at 844 (citing *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[14] We look to the statutory range established for the classification of the offense. Doukas pleaded guilty to seventeen Level 5 felonies. The sentence for a Level 5 felony ranges from one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Here, the trial court imposed individual sentences of one-and-one-half years for each count, which resulted in the plea agreement's maximum twenty-year aggregate sentence.[3]

[15] Pursuant to Indiana Appellate Rule 7(B), we first review the nature of Doukas' offense. Doukas' crime spree resulted in eighteen robberies in a matter of several days. As articulated at the sentencing hearing, some of Doukas' victims—employees at the establishments Doukas robbed—were teenagers. Although Doukas did not carry an actual weapon with him, Doukas led the victims to believe they were being held at gunpoint.

[16] Next, we consider Doukas' character. "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied.* Doukas' criminal

---

[3] Some of the counts were ordered to run concurrently, and others were ordered to run consecutively to total the plea agreement's maximum of twenty years.

history reflects poorly on his character. Doukas' criminal history reveals prior convictions for: possession of marijuana, a Class A misdemeanor, in 2005; possession of a controlled substance, a felony,[4] in 2007; check deception, a Class A misdemeanor, in 2009; identity deception, a Class A misdemeanor, in 2010; driving while suspended, a Class A misdemeanor, in 2009; dealing in a controlled substance, a Class B felony, in 2012; and unauthorized entry of a motor vehicle, a Class B misdemeanor, in 2013.[5] Furthermore, Doukas also had robbery charges pending in two other counties at the time of his sentencing.

[17] We find that Doukas' sentence was not inappropriate and decline to use our authority under Indiana Appellate Rule 7(B) to revise Doukas' sentence. Doukas pleaded guilty, and as a benefit, received a twenty-year sentence.[6] Moreover, while in the DOC, Doukas will be able to obtain substance abuse treatment for the third time. *See cf. Hoak v. State,* 113 N.E.3d 1209, 1209-10 (Ind. 2019) (remanding to the trial court to determine if the defendant was eligible for substance abuse treatment in a community corrections placement because the defendant never received court-ordered substance abuse treatment). Doukas' sentence is not inappropriate.

---

[4] The felony designation is not indicated in the PSI. This offense occurred in Cook County, Illinois.

[5] The year of Doukas' convictions is not clear from the PSI; instead, we use the dates on which Doukas was sentenced for consistency.

[6] Doukas pleaded guilty to seventeen Level 5 felonies. The advisory sentence for each is three years. Thus, without the plea agreement, had the trial court imposed only the advisory sentence for the seventeen counts, Doukas would have been faced with a potential fifty-one-year sentence.

## Conclusion

[18] The trial court did not abuse its discretion in sentencing Doukas, and Doukas' sentence is not inappropriate. We affirm.

[19] Affirmed.

Najam, J., and Vaidik, J., concur.