ATTORNEY FOR APPELLANT

Jessica R. Merino
J. Merino Law
Granger, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana



FILED

Oct 21 2020, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Randolf S. Sargent,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 21, 2020

Court of Appeals Case No.
20A-CR-1142

Appeal from the Elkhart Superior
Court

The Honorable Teresa L. Cataldo,
Judge

Trial Court Cause No.
20D03-1307-FA-39

**Crone, Judge.**

# Case Summary

Randolf S. Sargent appeals the trial court's denial of his motion for sentence modification. The trial court determined that it did not have statutory authority to consider the merits of Sargent's motion. We disagree and therefore reverse and remand.

# Facts and Procedural History

On July 2, 2014, Sargent pled guilty to class A felony attempted dealing in methamphetamine. The trial court sentenced Sargent to thirty years in the Indiana Department of Correction (DOC) with five years suspended to probation. Sargent appealed his sentence as inappropriate, and we issued a memorandum decision affirming it. *Sargent v. State*, No. 20A03-1409-CR-338, slip op. at *3 (Ind. Ct. App. April 17, 2015), *trans. denied.*

In late 2015, Sargent filed a pro se motion to participate in the Purposeful Incarceration Program (PIP). The trial court denied the motion, but stated that it would reconsider its decision upon receiving a progress report from the DOC. After receiving the progress report, the trial court reaffirmed its denial of Sargent's motion. Then, in July 2018, Sargent filed a motion for modification of sentence. The trial court denied the motion but again ordered a progress report from the DOC and stated that it would reconsider the motion after reviewing the report. After receiving the report, the trial court reaffirmed its denial of Sargent's motion for sentence modification.

[4] On August 1, 2019, Sargent filed a second motion for sentence modification. The State filed an objection to the modification request, arguing that Sargent failed to give any meritorious reasons to support a modification of his sentence. The trial court held a hearing, during which it questioned whether it had authority to entertain the motion for modification. The court stated that it believed that this was Sargent's third motion for sentence modification, and that the applicable statute permitted only two such motions absent prosecutor consent, which the parties agreed had not been given here. The parties submitted briefs on the issue, and on May 11, 2020, the trial court issued its order determining that it lacked the authority to consider the merits of the current motion for sentence modification. Specifically, the trial court concluded that Sargent's December 2015 pro se motion to participate in the PIP "should count as a motion to modify" pursuant to Indiana Code Section 35-38-1-17, and that such motion, coupled with his 2018 motion for sentence modification, meant that he had exhausted his allowable motions for modification prior to the filing of his most recent motion. Appealed Order at 4. Accordingly, the trial court denied Sargent's current motion for sentence modification. This appeal ensued.

## Discussion and Decision

[5] In most cases, we review the denial of a motion to modify sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). However, in denying Sargent's motion for sentence modification, the trial court determined that it lacked the statutory authority to modify Sargent's sentence. We review

this matter de novo on appeal. *See State v. Holloway*, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012) (noting that question of trial court's authority to modify sentence presents pure question of law that we review de novo).

[6] A trial court generally has no authority over a defendant after sentencing. *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014). Indiana Code Section 35-38-1-17 provides a notable exception to this general rule that gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), *trans. denied*. Specifically, Indiana Code Section 35-38-1-17(e) provides, "At any time after: (1) a convicted person begins serving the person's sentence; and (2) the court obtains a report from the [DOC] concerning the convicted person's conduct while imprisoned" the trial court "may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing." Relevant here, our legislature has determined that a convicted person such as Sargent "who is not a violent criminal" may file a petition for sentence modification "(1) not more than one (1) time in any three hundred sixty-five (365) day period; and (2) a maximum of two (2) times during any consecutive period of incarceration; without the consent of the prosecuting attorney." Ind. Code § 35-38-1-17(j). The trial court concluded that it had no authority to consider the merits of Sargent's current petition for modification because the court determined that he had already filed two such petitions during his consecutive period of incarceration. Accordingly, the question is whether Sargent's 2015 pro se motion to participate in the PIP constituted a motion for

sentence modification pursuant to Indiana Code Section 35-18-1-17. We think not.

[7] The PIP is a project with Indiana Court Systems, through which the DOC "works in collaboration with Judges who can sentence chemically addicted offenders and document that they will 'consider a sentence modification' should the offender successfully complete [a DOC] Therapeutic community." *Marley v. State*, 17 N.E.3d 335, 338 n.1 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. Specifically, a trial court recommending a defendant for the PIP would include the following language in its sentencing order: "Upon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification to this sentence." *Hogan v. State*, 95 N.E.3d 181, 184 (Ind. Ct. App. 2018) (citing Purposeful Incarceration FAQ, https://secure.in.gov/idoc/files/PI% 20FAQ% 20Updated% 2012.15.pdf (last visited Feb. 15, 2018) (emphasis removed)). Although a trial court may make a recommendation, actual participation in the program is left to the discretion of the DOC. *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018). "[T]rial courts themselves have no authority to require the DOC to place a particular defendant into a program." *Id.* (citing *Cohn v. Strawhorn*, 721 N.E.2d 342, 348-49 (Ind. Ct. App. 1999) (finding that Indiana law does not create "a statutory entitlement to educational [or therapeutic] programming for all, every, any, or each person committed to the DOC[.]"), *trans. denied* (2000)). This Court has explained that a trial court's limited role in relation to purposeful incarceration is simply to identify which

defendants should be flagged as individuals most likely to benefit from participation in the program. *Id*.

[8] In his 2015 pro se motion to participate in the PIP, Sargent was not requesting a reduction or suspension of his sentence.[1] He was essentially requesting that the trial court amend its original sentencing order and/or abstract of judgment and recommend him for participation in programming offered by the DOC that he believed he would benefit from during his incarceration.[2] Another panel of this Court, albeit under different factual circumstances, has rejected the argument that such a request constitutes a request for sentence modification. *Hogan*, 95 N.E.3d at 184 n.4.[3] Indeed, it is clear that while participation in the PIP may lead to a subsequent sentence modification, the request for a participation recommendation is not, in itself, a request for modification. We conclude that Sargent's 2015 pro se motion to participate in the PIP did not constitute a motion for sentence modification pursuant to Indiana Code Section 35-18-1-17.

---

[1] The State directs us to *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001) in which another panel of this Court determined that a defendant's post-sentencing request to modify his placement to a community corrections program constituted a request for a modification of sentence under section 35-38-1-17. The State's reliance on *Keys* is misplaced, as Sargent's request to participate in the PIP is not akin to a request to modify placement to a community corrections program.

[2] Whether such a request is valid or proper more than fifteen months after sentencing is not at issue.

[3] The State attempts to distinguish *Hogan* on the basis that the trial court in that case had already stated its intent to recommend the defendant for the PIP during the sentencing hearing, but simply failed to include language to that effect in its sentencing order. Be that as it may, that fact does not transform a request to participate in the PIP into a request for sentence modification. The *Hogan* panel emphasized that the trial court would be required "only to *consider* a petition to modify" after the defendant "completes a therapeutic community[,]" and the "possibility" of future modification is "all that is promised by the Purposeful Incarceration literature, and it is all we are expecting the trial court to provide." *Hogan*, 95 N.E.3d at 185 n.5.

[9]     Because Sargent has only made one prior motion for sentence modification, the trial court erred when it concluded that it lacked the statutory authority to consider the merits of Sargent's current motion. Therefore, we reverse and remand for proceedings consistent with this opinion.

[10]    Reversed and remanded.

Robb, J., and Brown, J., concur.